## John E. Pratz, Executor, v. Lucinda Pratz.

### Gen. No. 4,503.

1. WIDOW'S AWARD—*what does not bar right to.* The right to a widow's award is not barred by an ante-nuptial contract by which the wife has agreed to accept whatever provision may be made for her by the will of her husband, followed by the acceptance by her of the provisions of such a will, where neither the contract nor the will provides for the relinquishment of the award.

Contest in court of probate. Appeal from the Circuit Court of Stark County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

J. H. RENNICK, for appellant.

WRIGHT & WRIGHT, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The sole question presented for decision on this appeal is whether the Circuit Court of Stark County, on appeal from the County Court, ruled correctly in confirming an order of the County Court approving the allowance of a widow's award to Lucinda Pratz, the widow of Jonathan Pratz, deceased. It is conceded that all the proceedings by which the award was made were regular, that the amount of the award was reasonable, and that Mrs. Pratz is the widow and is entitled to said award unless deprived of the right thereto by an ante-nuptial agreement between herself and Jonathan Pratz, or by the last will of the latter. Before their marriage Jonathan Pratz and the appellee, then Lucinda Newcomer, entered into an agreement, under seal, reciting that marriage was intended between them, and that they were each possessed of an estate in Stark County, and that in consideration of the intended marriage and of one dollar paid by each to the other, "each party aforesaid, by these presents, remise, release and relinquish each to the other all right, title and claim as dower or thirds in any portion of personal or real estate of which the said parties may be possessed of at the demise of either, and the sur-

vivor further agrees to abide by what either party may see fit and proper to dispose of by will and testament." Jonathan Pratz died leaving no children of said marriage, but leaving a last will, which was duly probated, by which he gave his wife, Lucinda, $500. At the death of Jonathan Pratz he was living in the home of his wife, so that she obtained no homestead from his estate.

The contract does not purport to deprive the wife of a widow's award if she should survive her husband. All that it relinquished is dower and thirds in personal and real estate. Neither of those terms covers the widow's award to which a widow is entitled, notwithstanding her receipt of dower and the portion of the personal property cast upon her by the Statute of Descents. The term " thirds " does not at all describe the widow's award. If the will had bequeathed this $500 to the wife on condition that she accept it in lieu of a widow's award, a different question would be presented, but it was an unconditional gift to her. Unless the will provides that a gift to the wife shall bar her of the widow's award, the widow is entitled to the widow's award notwithstanding her acceptance of every provision made her by the will. By this contract the wife agreed to accept whatever her husband saw fit to give her by his last will, but the contract contains no suggestion that she should thereby bar herself of the statutory provision for a widow's award. It may be that the parties meant that these provisions should exclude every other allowance, but they did not say so, and we have no means of ascertaining their intention except the words they employed. A widow's award is viewed with favor by the law, inasmuch as it is established from motives of public policy, and the widow's award will not be barred by any contract unless it is clear that such was the intention of the parties. Inasmuch as the parties did not see fit to employ any language depriving the widow of her right to an award, we think the court below correctly approved the action of the appraisers in that respect. The order appealed from is therefore affirmed.

*Affirmed.*