(No. 13116.—Judgment affirmed.)

LEWIS A. ABDILL, Appellee, *vs.* JULIA A. ABDILL, Appellant.

*Opinion filed October 23, 1920—Rehearing denied Dec. 8, 1920.*

1. WILLS—*a codicil must be construed with the will.* A codicil is a part of the will and the two should be construed as one entire instrument, as the codicil does not supersede the will but its purpose is to alter, enlarge or restrain the will or to explain, confirm and re-publish it.

2. SAME—*when codicil revokes provision of will.* If a codicil expressly revokes any part of the will the part revoked must be treated as stricken out, or if any part or clause of the codicil be irreconcilably repugnant to the clause or clauses of the will then to that extent the codicil supplants the will.

3. SAME—*when finding of chancellor will not be disturbed.* The finding of the chancellor who heard the evidence as to the truth of the discovery of a codicil and as to knowledge of its previous existence will not be disturbed unless the record testimony shows it to be clearly erroneous.

4. SAME—*effect where codicil is discovered after will is probated.* Where a codicil to a will is discovered some years after the

will is probated, one who is interested in the codicil is entitled to have the probate of the will set aside and the will and codicil probated, as the original probate must have been either through fraud or mistake.

APPEAL from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding

F. L. DRAPER, and C. R. SHANNON, for appellant.

ACTON & ACTON, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

George W. Abdill executed his will on March 7, 1913. On the next day, March 8, 1913, he executed a codicil to the will. He died October 20, 1917, at the age of seventy-nine years, leaving him surviving Julia A. Abdill, his widow, and Charles Abdill, Harry Abdill, Bertie English and Katherine Voorhees, children of a deceased brother, as his only heirs-at-law. He mentioned in his will as legatees, under certain contingencies, Lewis A. Abdill, a nephew of his widow, and Walter A. Abdill and Bertha Abdill Gillis, children of Lewis A. Abdill, none of the last three being relatives of the testator. The widow and the heirs of the testator and the other legatees were all duly notified of the probate of the will. Julia A. Abdill, the executrix named in the will, refused to qualify, and Walter A. Abdill was appointed administrator with the will annexed and proceeded to act as administrator. The will was probated November 23, 1917. On February 19, 1919, Lewis A. Abdill filed his petition in the probate court of Vermilion county, in which he alleged that on February 1, 1919, by accident he found the codicil to the will of the testator; that neither he nor any one of the heirs of the testator knew of the existence of the codicil previous to the date on which it was found, and for that reason he was not an interested party in the proceedings to probate or to contest the will;

that if any of the other heirs knew of the existence of the codicil they were guilty of fraud against him, and that the original will was admitted to probate either through fraud or mistake. He prayed that the codicil be admitted to probate. The probate court on a hearing granted the prayer of the petition and admitted the codicil to probate. Upon an appeal to the circuit court of Vermilion county by Julia A. Abdill the circuit court heard the evidence, took the case under advisement, and on October 9, 1919, ordered and adjudged that the order of the probate court of November 23, 1917, probating the will be revoked and the same set aside to the extent that the will and the codicil together shall constitute and be admitted to probate as the last will and testament of the testator, and the will and codicil were then by the court admitted to probate as the last will and testament of the testator. Julia A. Abdill has prosecuted a further appeal to this court from the last mentioned order and judgment of the circuit court.

The will of the testator contained seven clauses and is in the following words and figures, to-wit:

"*First*—It is my will that my funeral expenses and my just debts be fully paid.

"*Second*—I give and devise and bequeath to my beloved wife, Julia A. Abdill, all of my property, both real and personal, as her own in fee simple, provided she, the said Julia A. Abdill, at the time of my death is surviving; but in the event that she, my said wife, is not surviving at the time of my death, then and in that event I give, devise and bequeath to Lewis A. Abdill one-half of my estate, both real and personal, less the sum of $200.

"*Third*—I give, devise and bequeath to Walter A. Abdill one-fourth of all my property, both real and personal, of which I may die seized and possessed, less the sum of $100.

"*Fourth*—I give, devise and bequeath to Bertha Abdill the remaining one-fourth of all my estate, both real and personal, of which I may die seized, less the sum of $100.

"*Fifth*—I hereby order and direct my executor hereinafter named to place the sum of $400 with the trustees of Springfield Cemetery Association as a trust, the proceeds of which, when placed at interest, shall be used to keep my lot and the lot of C. R. Brown in order and sightly condition.

"*Sixth*—In the event of my wife not surviving at the time of my decease, then and in that event the amount of the insurance policy upon my life, and in which she is the beneficiary, which insurance policy is for the sum of $5000, shall become part of my estate and subject to the provisions hereinbefore set forth.

"*Lastly*—I hereby appoint my wife, Julia A. Abdill, to be the executrix of this my last will and testament, provided, however, she is surviving at the time of my death, to serve without giving bond, but in the event that the said Julia A. Abdill is not surviving at such time, then I do hereby direct and appoint Lewis A. Abdill to act as my executor, who shall give a good and sufficient bond for the faithful discharge of his duties in the premises.

"*Lastly*—I hereby nominate and appoint Julia A. Abdill to be the executrix of this my last will and testament, hereby revoking all former wills by me made."

The codicil is in the following words and figures:

"*Codicil to my will*—Whereas I, George W. Abdill, of Danville, Ill., have made my last will and testament in writing, bearing date the seventh day of March, 1913, in and by which I have given, devised and bequeathed to my wife, Julia A. Abdill, all of my estate, both real and personal. Now, therefore, I do by this writing, which I hereby declare to be a codicil to my said last will and testament and to be taken as a part thereof, order and declare that my will is that only seven-tenths (7/10) be given to my wife instead of my whole estate.

"That is to say, I give, devise and bequeath to my wife, Julia A. Abdill, seven-tenths (7/10) of my estate, both real and personal, and of the rest, residue and remainder, which

is three-tenths (3/10), I give, devise and bequeath to Lewis A. Abdill two-tenths (2/10) of my whole estate, both real and personal.

"To Walter A. Abdill I give, devise and bequeath one-twentieth (1/20) of my whole estate, real and personal, in trust, with Lewis A. Abdill trustee.

"To Ruth Stuebe I give, devise and bequeath five hundred dollars ($500.00). Stricken out before signing.

"To Bertha Abdill I give, devise and bequeath one-twentieth (1/20) of my estate, real and personal less five hundred dollars ($500.00). Stricken before signing.

"And lastly it is my desire that this codicil be annexed to and made a part of my last will and testament as aforesaid, to all intents and purposes. In witness whereof I have hereunto set my hand and seal this 8th day of March, (1913) nineteen thirteen."

The codicil was duly signed and sealed by the testator and duly witnessed by two subscribing witnesses, who signed an attesting clause containing the usual wording of attesting clauses. There is no question about the due execution of the codicil. Its execution was well proven, the testator declaring to the witnesses the character of the instrument and signed it in their presence and asked them to witness it, and they did so. The codicil was written by a farmer friend of the testator, John G. Redmond, who had been in business with him. He testified in the case, and from his testimony it appears clearly that the codicil was in the same condition it was when he drafted it, except that it was pocket-worn and soiled, and that the testator himself drew a pen through the words stricken in the fourth and fifth clauses as above shown, and Redmond wrote the words thereafter, "Stricken out before signing," before the testator left him to have it witnessed.

Much of the contention and argument by the parties is on the proposition whether or not this instrument is a codicil or a will, and the rules applicable to the case if this court

should hold it to be a will and not a codicil. It is argued by appellant very strenuously that the instrument is a will, and that it is void for the reason that its provisions amount to an entirely new disposition of the testator's property, and does not declare, as required by our statute on wills, in express words, a revocation of all former wills made by the testator. To sustain this proposition we are referred to this court's decisions in *Stetson* v. *Stetson,* 200 Ill. 601, and *Moore* v. *Rowlett,* 269 id. 88. We do not regard those decisions as in point in this case, for the reason that we consider the instrument in question a codicil and not a will. A codicil is a part of a will, and the two are to be construed together as one instrument. If the codicil expressly revoked any part of the will then the part revoked must be treated as stricken out. If any part or clause of the codicil be irreconcilably repugnant to the clause or clauses of the will, then to that extent the codicil supplants the will and the latter becomes inoperative, but it supplants a will only to the extent that the repugnancy is irreconcilable. The purpose of a codicil is to alter, enlarge or restrain the provisions of the will or to explain, confirm and re-publish it. It does not supersede the will but is a part of it and is to be construed with it as one entire instrument. *Grimball* v. *Patton,* 70 Ala. 626; *Pratt* v. *Skiff,* 289 Ill. 268; 1 Alexander on Wills, sec. 23.

The instrument in question conforms to the above definitions and descriptions of a codicil. In the first place, it is expressly declared by the testator in the codicil itself that it is a codicil to the original will probated as aforesaid and is to be taken as a part thereof. In determining the further question whether or not it is a codicil in fact or a will entirely repugnant to the former will of which it purports to be a codicil, we must compare the instruments and pass judgment on them as if we were considering both instruments on the day the testator executed the codicil, and not as of a date after the testator had died and it was known

that the widow survived him. Looking at it in this light, it will be readily discovered that the codicil only revokes or is repugnant to the first provision of the second clause of the will, in which the testator originally bequeathed and devised to his wife, Julia A. Abdill, all his property, both real and personal, as her own absolutely, provided she survived him. The codicil makes provisions that are to apply and be enforced in case his widow survived him. Under the codicil, in case she survives him she only gets seven-tenths of the property instead of the whole, as devised and bequeathed by the original will. The other three-tenths are then disposed of in the second, third and fifth clauses of the codicil. The first, fifth, sixth and last clauses of the will were absolutely unaffected by the codicil when it was executed. It is also true that the latter part of the second clause of the will, and also the third and fourth clauses, were unaffected by the codicil, those clauses making devises and bequests of the testator's property in the event that his wife did not survive him. So, in reality, there is nothing unusual in this codicil as to the results sought to be accomplished by it in changing the original will. The unusual features of both the will and the codicil are minor matters and will be attributable solely to the fact that the draftsman of the will was not an expert in that business.

Our attention is called to the fact that the codicil devises and bequeaths the whole of the testator's property to his wife, Julia A. Abdill, and Lewis A. Abdill, Walter A. Abdill and Bertha Abdill, in case the wife survived the testator, and that having thus bequeathed and devised all of his property there is none left to satisfy clauses 1 and 5 of the will. While this apparent inaccuracy in expression is found in the codicil, it will also be noted that in the original will, by the second clause thereof, he devises and bequeaths to his wife all of his property of every kind, thus apparently leaving nothing to satisfy clauses 1 and 5 of the will. The will and the codicil are to be read together as one

instrument, and when this is done it will be clearly seen that the will should be construed as we have already indicated.

Appellee, Lewis A. Abdill, testified that on February 1, 1919, he found the codicil in a flat-top desk that was formerly owned by George W. Abdill, the testator. He stated that this desk had a book compartment; that above this book compartment was a drawer opening from the front, and that the bottom of this drawer and the top of the book compartment formed a recess or receptacle. His testimony is that he had occasion, in company with John G. Redmond, who drafted the will and codicil, to open the drawer to this desk, and that when he did so the codicil fell down and out from this crevice or receptacle, and that this was the first time he ever saw the codicil or knew that it was in existence. He is corroborated *in toto* by Redmond as to the finding of the codicil in the desk. There was some impeaching evidence offered as to these two witnesses, and it is contended by appellant that the finding of the court sustaining their testimony was manifestly against the weight of the evidence. We shall not attempt to further discuss the evidence. The record sustains the finding of the circuit court, and we are not authorized to reverse that finding unless the record testimony shows it to be clearly erroneous. (*Hubbard* v. *Hubbard*, 198 Ill. 621.) The court had the advantage of hearing the testimony of the witnesses and of seeing their demeanor on the witness stand while testifying, and to substitute our judgment, if we had a different view of the case, for that of the circuit court is not permissible under the state of the evidence as we find it. We are, in fact, satisfied with the finding of the circuit court.

The claim that appellee is estopped to have the instrument probated because he knew of its existence previous to the expiration of one year following the probate of the will is already disposed of by our sustaining the finding of the circuit court that he did not know of the existence of the codicil previous to his finding it as aforesaid.

It is also contended that the judgment of the circuit court cannot be sustained because it was incumbent on appellee to prove the charge in his petition that the probate of the will was a fraud upon his rights by reason of the knowledge of the other parties interested in the will, or that the will was probated through a mistake, all parties supposing that other than the original will there was no will or codicil in existence. The proof is positive that appellee knew nothing of the existence of the codicil up to the time he found it in the desk. Under this proof he was entitled to the probate of the codicil, because it is certain that if none of the other parties interested in the will knew of its existence at the time the will was probated the will was probated by mistake. The facts were bound to be one way or the other,—either that the parties interested in the will, or some of them, did know of its existence, or that none of them knew of it. In either case appellee was entitled to a judgment in his favor. Whether the other parties had knowledge of the codicil was a fact best known to themselves, and the court had the right to give them the benefit of the presumption that they were not guilty of fraud and that they had no knowledge of the existence of the codicil when the will was probated. Even a subsequent will may be probated upon the petition of a party therein interested,—where the former will was probated either through fraud or mistake,—after the judgment of probate of the former will has been set aside, although the statutory time for contesting the earlier will and setting its probate aside has expired. *Conzet* v. *Hibben,* 272 Ill. 508.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*