(No. 35811.—)

IN THE MATTER OF THE ESTATE OF LOUISE WEBSTER.— (STATE BANK AND TRUST COMPANY, Appellee, *vs.* WILLIAM W. RICE, JR., Appellant.)

*Opinion filed Dec. 1, 1960.—Rehearing denied Jan. 18, 1961.*

SEARS, STREIT & TYLER, of Chicago, (BARNABAS F. SEARS, LLOYD J. TYLER, JR., and JAMES N. KOSMOND, of counsel,) for appellant.

SHANESY, HOBBS & BALL, of Evanston,. and THOMPSON, RAYMOND, MAYER, JENNER & BLOOMSTEIN, of Chicago, (PRENTICE H. MARSHALL, and ROBERT E. PFAFF, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of court:

This is a direct appeal from an order of the probate court of Cook County which admitted to probate the last will and testament of Louise Webster. Her will provided for the payment of debts and taxes and bequeathed the residue of her estate to "State Bank and Trust Company, as trustee" under a trust agreement identified as "Trust Number 2542." The respondent, William Rice, is one of her heirs-at-law. At the hearing upon the application to admit the will to probate he sought to question the witnesses who attested the execution of the will with respect to the contents of the trust agreement and the circumstances of its execution. The trial judge sustained objections to these questions upon the ground that the hearing was limited to

proof of the execution of the will and to proof of fraud, forgery or compulsion in its execution. See Ill. Rev. Stat. 1959, chap. 3, par. 221.

The respondent justifies this court's jurisdiction upon direct appeal in the following terms: "This court's jurisdiction arises from the fact that this case involves the validity of section 43a of the Probate Act, passed upon by the trial court before entering a final order admitting a domestic will to probate." Section 43a of the Probate Act (Ill. Rev. Stat. 1959, chap. 3, par. 194a) provides that by a will signed and attested as provided in the statute, a testator may bequeath "real and personal estate to a trustee of a trust which is evidenced by a written instrument in existence when the will is made and which is identified in the will, even though the trust is subject to amendment, modification, revocation or termination." In the respondent's argument in this court the validity of section 43a is challenged upon the grounds that it deprives the respondent of his "natural right of inheritance" and denies him due process and equal protection of the law; that the statute confers a special privilege, immunity or franchise in violation of section 22 of article IV, and that it amends the previously existing law in violation of section 13 of article IV of the Illinois constitution.

Jurisdiction of this court upon direct appeal on constitutional grounds exists only when a constitutional question was raised and passed upon in the trial court. (*Ryan* v. *City of Chicago,* 363 Ill. 607; *Leffler* v. *Browning,* 14 Ill.2d 225; cf. *City of Watseka* v. *Wilson,* 11 Ill.2d 265.) The record in this case makes it clear that the trial judge did not pass upon the validity of section 43a. He held that the only matters open for consideration upon the application to admit the will to probate were those enumerated in section 69 of the Probate Act, (Ill. Rev. Stat. 1959, chap. 3, par. 221) and he made clear his view that other matters, relating to the completeness of the will or its construction,

which might involve the validity of section 43a, were to be considered by another court in another proceeding. What was involved in this holding was a construction of section 69. The validity of that section, so construed, is not challenged upon this appeal. In the absence of such a challenge, the question of the correctness of the trial court's construction of the statute presents no constitutional issue.

Because the trial court did not pass upon the constitutional issue which is asserted as the basis of our jurisdiction, we do not have jurisdiction upon direct appeal. The cause is therefore transferred to the Appellate Court of Illinois, First District.

*Cause transferred.*