Estate of Olive Cline Meskimen, a/k/a Olive Cline, Deceased.
Lawrence L. Meskimen, Respondent-Appellant, v. Continental Illinois National Bank and Trust Company of Chicago, Petitioner-Appellee.

Gen. No. 51,472.

First District, First Division.

June 26, 1967.

Rehearing denied July 24, 1967.

Boodell, Sears, Foster, Sugrue & Crowley, of Chicago (Barnabas F. Sears and Gerald M. Sheridan, Jr., of counsel), for appellant.

Hubachek, Kelly, Miller, Rauch & Kirby, and J. Glenn Bonnefoi, of Chicago (Thomas W. Bloss, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Respondent, Lawrence L. Meskimen, appeals from the admission to probate of the will of Olive Cline Meskimen, his deceased wife, who died December 23, 1965, without descendants. A so-called "pour-over" will and a separate trust agreement were both executed by the decedent on September 8, 1965. The will was admitted to probate over respondent's objections that the will should not be admitted without the admission of the trust agreement.

On appeal, respondent contends that (1) the purported will should not have been admitted to probate without admission of the trust agreement because the trust agreement was incorporated into the will by reference and contains part of the terms of the testamentary disposition of decedent; (2) admission of the purported will without admission of the trust agreement effectively deprived respondent of his statutory marital rights under the Probate Act; (3) construction of section 69 of the Probate Act so as to effectively deprive respondent of his statutory marital rights was an unconstitutional application of that section, contrary to the Illinois Constitution, article II, sections 1 and 2, article III and article IV, section 1; (4) petitioner-appellee failed to prove the purported will by two or more credible attesting witnesses; and (5) the court failed to notify beneficiaries of a testamentary trust imposed by the purported will

of the hearing on and objections to admission of the will to probate pursuant to section 64 of the Probate Act.

The will was admitted to probate on March 23, 1966, and letters testamentary were issued to the Continental Illinois National Bank and Trust Company, the named executor. The will was witnessed by three persons, who testified at the hearing—James J. Kilgallon, who drafted the will; Edna H. Long, who typed it; and Joseph J. Berzin, an attorney. Kilgallon and Berzin were office associates of J. Glenn Bonnefoi, who had been decedent's attorney prior to the date of the will. During the hearing, the court ruled that the trust agreement executed by decedent under date of September 8, 1965, "has no part of this proceedings." Respondent's attorney then made an offer of proof of the trust agreement and objected to the admission of the will to probate, stating, "Well, I object to it, in the first place, to admitting this will to probate without also admitting to probate the trust instrument referred to in Article 6 of the will, as a trust instrument is a part of the will, and the instrument which is offered for probate is an incomplete instrument."

The provisions of the will included:

> "Article IV: I give and bequeath to my husband, Lawrence Lee Meskimen, my library books and music records, and the sum of Five Thousand ($5,-000.00) Dollars in cash.
>
> "This provision for my said husband in no wise affects the operation or effect of an antenuptial agreement heretofore entered into by me with my said husband."

and

> "Article VI: All the rest, residue and remainder, real, personal and mixed and wherever situated, I give, devise and bequeath to the trustee under a Trust Agreement dated September 8th, 1965, between

474

me as Grantor and Continental Illinois National Bank and Trust Company of Chicago, as Trustee, to be added to and commingled with the trust property of that trust and held, managed and distributed by the Trustee thereof in accordance with the terms and provisions of that Trust Agreement and any amendment made to it pursuant to its terms before my death."

Respondent's initial contenton is that the will should not have been admitted without admitting the trust agreement—"The document admitted to probate was not the entire 'will' of decedent; all documents which together constitute the testamentary disposition by decedent must be admitted." Respondent asserts that "the 'will' to be admitted under Section 69 is the document or documents which show the entire testamentary disposition made by decedent," and "If the entire testamentary disposition is embodied in more than one document, all must be admitted to probate. The court then regards all the documents as one instrument disclosing the entire testamentary disposition." (Abdill v. Abdill, 295 Ill 40, 45, 128 NE 741 (1920).) Respondent also cites Bottrell v. Spengler, 343 Ill 476, 175 NE 781 (1931), where it is said (p 478):

"The law is well settled in this State that a will may by reference incorporate into itself, as completely as if copied in full, some other paper which in itself is not a will for lack of execution."

Respondent argues, "The purported will itself contains only part of the requisites for a valid express testamentary trust. It designates the trustee, identifies the trust property and transfers it to the trustee. In order to ascertain the beneficiaries of the trust and the method of distribution, it is necessary to refer to another document, the trust agreement. Since the trust agreement

475

purports to have been executed on the same day as the purported will, is clearly identified therein, and contains part of the terms of the testamentary trust created in the purported will, it complies with the requisites of the cases cited above. It contains part of the terms of decedent's testamentary disposition and therefore must be admitted to probate as part of the 'will' of decedent." Also, "The purported will admitted here is incomplete on its face. As was said in Wagner v. Clauson, 399 Ill 403, at 411: '. . . It [the purported will] is one instrument if the memorandum is a part of it, and quite another instrument if the memorandum is no part thereof.' "

Respondent further asserts that "in other jurisdictions, it is the rule that documents incorporated into a will must be filed for probate." Citations include Newton v. Seaman's Friend Society, 130 Mass 91, 93 (1881); In re Dreisbach's Estate, 384 Pa 535, 121 A2d 74, 77 (1956); In re Dimmitt's Estate, 141 Neb 413, 3 NW2d 752, 758 (1942); Merrill v. Boal, 47 RI 274, 132 A 721, 725 (1926).

Respondent next contends that as surviving spouse, he has several important marital rights under the Probate Act, which cannot be effectively exercised by him "unless the entire testamentary disposition of decedent is before the probate court where they must be exercised. Here, only $75,000 worth of personalty passed under the purported will. The remaining estate, valued at roughly $280,000 was included in the purported trust agreement executed on the same day the will was executed. Decedent obviously attempted to put four-fifths of her estate beyond the reach of Respondent's statutory marital rights using a trust to make dispositions testamentary in nature which would not pass through probate."

The marital rights referred to by respondent are (1) his right to renounce the will of the decedent, which

476

would entitle him to take one-half of the personal estate of decedent, which right can be exercised only by filing a written renunciation in the court in which the will was admitted to probate (sections 16 and 17 of the Probate Act) ; (2) under section 90, respondent has the right to file a will contest "in the proceeding for the administration of the testator's estate," and if successful, he would be entitled to take all decedent's personalty under the laws of intestacy; and (3) under section 178, he is entitled to an award as surviving spouse, the amount of which is based in part on the condition of the estate.

In support of the contention that the trust cannot be utilized to deprive respondent of his statutory rights as surviving spouse, Smith v. Northern Trust Co., 322 Ill App 168, 54 NE2d 75 (1944), is cited, and at p 176 the court said:

> ". . . the transfer of title to the trustee, although absolute in form, was merely colorable and illusory. It was therefore invalid as to plaintiff, who is entitled to a widow's award and to one third of the estate of her deceased husband, including the trust estate, after payment of all proper expenses of the trust and all just claims."

Respondent asserts, "Under the Smith case, a trust agreement such as the one here is regarded as a testamentary disposition or will *as to the surviving spouse and his statutory marital rights*. If it were otherwise, the statutory rights of a surviving spouse, which must be exercised in the probate proceeding, could be totally defeated at the will of any predeceasing spouse, thereby frustrating the intention of the legislation to prevent just such an inequitable result. The probate judge cannot determine the effect of renunciation without the illusory trust agreement being filed as part of the probate proceedings."

477

Respondent also contends that "failure to admit the alleged trust agreement to probate as part of the testamentary disposition of decedent for purposes of allowing exercise of the above statutory rights, results in circumvention and total defeat of those statutory rights. It is also an unconstitutional application of section 69 of the Probate Act contrary to article II, sections 1 and 2 of the Illinois Constitution," and "the statutory marital property rights granted Respondent under the Probate Act are property rights of which Respondent cannot be deprived without due process."

Considered first is respondent's contention that the will should not have been admitted without the admission of the trust agreement, "which together constitute the testamentary disposition by decedent."

██ An examination of this record indicates the trial court adhered to the procedure provided in section 69 of the Probate Act for the "Admission of Will to Probate." Respondent was permitted liberal cross-examination of all of the witnesses to the will, and there was no "proof of fraud, forgery, compulsion, or other improper conduct," which, in the opinion of the court, was deemed sufficient to invalidate or destroy the will. In Shepherd v. Yokum, 323 Ill 328, 154 NE 156 (1926), it is said (p 332):

> "The probate of wills is governed entirely by the statute, and when the statutory requirements are complied with, no others can be prescribed. . . . [P 333.] When a will is offered for probate in the probate court the only testimony to be heard in that court as to the due execution of the will and the competency of the testator to execute it is that of the attesting witnesses."

See, also, Schaefer v. Mazer, 359 Ill 621, 623, 195 NE 442 (1935).

■ We are not persuaded that admission of the trust agreement is part of the procedure for the admission of a "pour-over" will to probate. (McClanahan, "The Pour-Over Device Comes of Age," 39 Southern California Law Review 163 (1966); McClanahan, "Bequests to an Existing Trust—Problems and Suggested Remedies," 47 California Law Review 267 (1959).) Section 43a of the Probate Act provides for "testamentary additions to trusts" and does not require that such a trust agreement be presented for probate with the will. The provisions of section 43a are as follows:

> "By a will signed and attested as provided in this Act a testator may devise and bequeath real and personal estate to a trustee of a trust which is evidenced by a written instrument in existence when the will is made and which is identified in the will, even though the trust is subject to amendment, modification, revocation or termination. Unless the will provides otherwise the estate so devised and bequeathed shall be governed by the terms and provisions of the instrument creating the trust including any amendments or modifications in writing made at any time before or after the making of the will and before the death of the testator."

The instant will does not incorporate the trust agreement by reference. The will follows the procedure provided for in section 43a and devises and bequeaths "all the rest, residue and remainder, real, personal and mixed," to a trustee of a trust which is evidenced by a written agreement in existence when the will was made and which is identified in the will.

Respondent was not deprived of any of his "marital rights" by the admission of the will to probate without the simultaneous admission of the trust agreement. If evidence of the trust agreement and personalty covered

by it are essential for the complete determination and disposition of respondent's "marital rights," the Probate Act provides adequate statutory means for respondent's use in the protection of these rights. Respondent's right to renounce the will (§ 17) is to be accomplished after the admission of the will to probate and "in the court in which the will was admitted to probate." His right to file a will contest (§ 90) must be filed "in the proceeding for the administration of the testator's estate." His right to a surviving spouse's award (§ 178) depends upon "the condition in life of the surviving spouse and to the condition of the estate and such additional sum of money as the court deems reasonable for the proper support, during such period . . . ." On the determination of the award, "the court may hear evidence and may increase or diminish the award as justice requires." We believe this provision can be used by a surviving spouse to petition the court for the inclusion in its consideration of a proper award all of the alleged assets of a decedent within his control at the time of death, as in the instant case.

The execution of the trust agreement was part of a procedure and plan provided for by statute. The agreement does not come within the ambit of the Illinois authorities which cover incorporation by reference in a will of a separate instrument. The trial court did not usurp any legislative powers by refusing to admit the trust agreement to probate. See In re Estate of Webster, 21 Ill2d 54, 171 NE2d 24 (1961).

Respondent next contends that "the purported will was not attested by two credible witnesses as required by section 43 of the Probate Act." Respondent asserts that the test of whether a witness is a competent witness under a will is whether the witness will either gain or lose financially as the direct result of the proceedings to establish the will. Respondent states, "In this case, J. Glenn Bonnefoi, attorney for [the executor] is a bene-

ficiary of an outright 10% interest in the net principal of the trust into which the residuary clause of the purported will pours over. Bonnefoi represented the decedent prior to the execution of the will and trust agreement. . . . [A]lthough Kilgallon drafted the will, it was not he who was engaged to represent Petitioner as executor. Bonnefoi drew that plum. . . . The three witnesses attesting the purported will were all from Bonnefoi's office. . . . Bonnefoi himself has a direct financial interest in the will. Its validity directly affects the amount of his distributive share under the trust."

On this point, respondent argues that "it is the duty of the court under Section 43 to ascertain if any attesting witness is not competent by virtue of financial interest. The only way the interests involved could be shown is through introduction in evidence of the trust instrument and testimony bearing on the interest of the attesting witnesses by virtue thereof."

██ ██ It is not denied that J. Glenn Bonnefoi is a beneficiary of a 10% interest in the trust agreement or that Edna M. Long is his employee. These facts alone do not demonstrate that any one of the witnesses to the will would benefit financially from the probate of decedent's will or the administration of her estate. If any beneficial interest was shown to be given by the will to any of its witnesses, section 44 of the Probate Act makes it clear that such an interest does not disqualify a witness to the will, and the interest, if any, will be found void *unless* "the will is otherwise duly attested by a sufficient number of witnesses as provided by this Article exclusive of that person."

██ ██ Although all three witnesses to the execution of the will were office associates of the attorney representing the executor in the probate of the estate of the decedent, this, of itself, does not demonstrate any beneficial interest in the will so as to affect their credibility. Section 44 also provides, "No attorney or partner-

ship of attorneys is disqualified to act or to receive compensation for acting as attorney for any fiduciary by reason of the fact that such attorney or any employee or partner of such attorney or partnership attests the execution of the will or testifies thereto." Respondent was permitted to cross-examine the witnesses at length at the will hearing. The determination of the validity of any financial interests of Bonnefoi, arising out of the will of the decedent, was not a matter for disposition at the will hearing. We hold that the record shows that the attesting witnesses were credible, as required by section 43.

Finally, respondent contends that "under Section 64 the court was under the duty to require some notice to be given to the beneficiaries of the trust who were not all the same as the beneficiaries under the 'will.' Counsel for Respondent brought this matter to the attention of the court. However, nothing was done to comply with the statute. This matter is jurisdictional and the court had no power to admit the will to probate until notice had been given pursuant to Section 64 of the Probate Act."

The provisions of section 64 include:

> "If any person objects to the admission of the will to probate, the court may require that such notice of the time and place of the hearing as it deems expedient be given to any beneficiary of the trust not previously notified."

■■ This is not a mandatory requirement, and it calls for the exercise by the court of sound legal discretion. We find no abuse of that discretion here. It was proper for the court to admit the will to probate without notice to the beneficiaries of the trust.

We conclude that the will of the decedent was properly admitted to probate. The court was correct in rejecting proof of or the admission of the trust agreement

in the "Admission of Will to Probate" proceeding. It was not part of the decedent's "will."

For the reasons given, the orders of the Circuit Court of Cook County admitting the will of the decedent to probate and appointing the Continental Illinois National Bank and Trust Company of Chicago as executor are affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.