*In re* ESTATE OF EDWARD J. O'NEILL, Deceased.—(ESTHER O'NEILL, Claimant-Appellant, *v.* JAMES O'NEILL *et al.*, Ex'rs of the Estate of Edward J. O'Neill, Respondents-Appellees.)

First District (1st Division)    No. 81-515

Opinion filed February 16, 1982.

Ira D. Schultz, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Lee Ann Watson and Ted E. Bandstra, both of Katten, Muchin, Zavis, Pearl & Galler, of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Claimant appeals a $5,000 judgment entered by the trial court as her spouse's award under the Probate Act. (Ill. Rev. Stat. 1979, ch. 110½, par. 15—1.) She contends that the trial court improperly awarded only the minimum statutory amount as the spouse's award.

Decedent and claimant were married on August 18, 1978. Decedent moved into claimant's house, which she had purchased several years before the marriage. Between March and May 1979, decedent moved out of claimant's house, after which time he contributed no financial support to her. Decedent's income for 1979 was $24,189. Claimant last saw decedent in the fall of 1979. He died on July 5, 1980.

Decedent left a will bequeathing his personal effects to his two adult sons from a prior marriage and the residuary to a revocable trust, the beneficiaries of which were also his sons. The estimated value of the estate was $62,000. Federal and State income taxes of approximately $3,450 were owed, as well as medical expenses of approximately $7,000. The assets of the revocable trust were approximately $63,079 in cash and a 100% beneficial interest in a land trust consisting of real property leased at $1,250 a month. The lease expires on June 30, 1983, at which time the lessee has the option of purchasing the rights for $50,000.

Claimant was not named in decedent's will, nor was she a beneficiary to his trust. She had been employed continuously before and after her marriage. Her gross income for 1980 was $15,800.

Claimant contends that in entering the spouse's award of the minimum amount, $5,000, the trial court failed (1) to follow the criteria set forth in the Probate Act, (2) to apply the relevant criteria, and (3) to liberally construe the statute. Claimant cites several cases to support her contention, all of which are distinguishable from the case at bar. However, we have failed to find any cases specifically holding that a spouse, who was separated from her husband and received no financial support from him at the time of his death, is entitled to more than the minimum spouse's award as a matter of law.

Claimant relies on *In re Estate of Handmacher* (1965), 60 Ill. App. 2d 376, 208 N.E.2d 604, as her major authority. However, we find the case more supportive of respondents' position. In *Handmacher*, decedent and his widow had lived together since their marriage, and he was her only means of support. The statute under consideration (Ill. Rev. Stat. 1963, ch. 3, par. 178) contained the same language as the current statute (Ill. Rev. Stat. 1979, ch. 110½, par. 15—1) and provided for a spouse's award "reasonable for the proper support of the surviving spouse for the period of 9 months after the death of the decedent in a manner suited to the condition in life of the surviving spouse and to the condition of the estate * * *." The *Handmacher* court held that the statute "does not restrict the widow to the bare necessities of life, but rather provides for a sum of money which will allow her to live in the manner that she has been accustomed to for a period of nine months after the death of her spouse." (60 Ill. App. 2d 376, 379.) Furthermore, the court stated that the statute should be liberally construed in order to comply with its legislative purpose; thus, a widow with independent means will not be barred from an award. 60 Ill. App. 2d 376, 380.

We believe that the trial court's determination in the case at bar fell within these bounds. Claimant and decedent lived together for less than one year after they were married. Decedent never financially supported claimant after he left her house. In fact, nothing in the record indicates that decedent ever financially supported claimant during their marriage or that their marital life style was different from her life style before their marriage and after their separation. Moreover, claimant provided the marital home.

Under these circumstances, we find that a spouse's award of $5,000 was within the discretion of the trial court. The purpose of the statute was "to help alleviate the widow's problems by removing as many of her financial worries as possible during this difficult period." (*In re Estate of Handmacher* (1965), 60 Ill. App. 2d 376, 380.) The court in the instant case

490

met this objective. Claimant was living in the same manner as she had been while decedent was alive. The *Handmacher* court did not specify that a financially indepèndent surviving spouse was required to receive more than the minimum amount. Furthermore, the other cases that claimant cites supporting a liberal construction of the statute involved widows who had either been living with their husbands prior to the latters' deaths or had been forced to live apart from them. (*Allen v. Allen* (1921), 222 Ill. App. 438; *Pratz v. Pratz* (1905), 122 Ill. App. 101; *Blankenship v. Hall* (1908), 233 Ill. 116, 84 N.E. 192.) No evidence was presented in the case at bar that claimant objected to the separation from decedent.

We conclude, therefore, that claimant, who was separated from decedent as well as financially independent of him, was properly granted a spouse's award of $5,000.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.