*In re* ESTATE OF JOHN R. CAFFREY, Deceased—(The La Salle National Bank, Petitioner-Appellee, *v.* Mary H. Caffrey, Ex'r of the Estate of John R. Caffrey, Respondent-Appellant).

First District (1st Division)   No. 82—2912

Opinion filed December 30, 1983.

Carr & O'Rourke Associates, of Chicago, for appellant.

Charles M. Biggam, Jr., and William Barnett, Jr., both of Biggam, Cowan, Marquardt & Lunding, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Respondent, Mary H. Caffrey, appeals from an order of the circuit court of Cook County that upon motion of petitioner, La Salle National Bank, reduced the amount of a surviving spouse award she had previously received and required her to refund the difference to the estate. The sole issue raised on appeal is whether the spouse's award provision of the Probate Act of 1975 (commonly referred to as the

widow's award) (Ill. Rev. Stat. 1979, ch. 110½, par. 15—1), permits the reduction of an award to a widow and children based upon the court's consideration of assets which have passed to the widow and children on account of decedent's death and are not included in the probate estate.

John R. Caffrey died on July 6, 1980. His widow, respondent Mary H. Caffrey, is the executor and sole beneficiary of his estate. In September 1980, prior to seeking the widow's and children's award, respondent filed an inventory showing the value of estate assets to be $250,569. Also listed in the inventory was decedent's stock in the professional corporation Clausen, Miller, Gorman, Caffrey & Witous. Subsequently, the stock was valued at $74,758, raising the value of decedent's estate to $325,147.

On December 29, 1980, counsel for the executor requested a widow's award of $50,000 and a total children's award of $25,000 for the decedent's three dependent children. Respondent did not file a written petition for the award nor was a written statement of the condition of the estate filed. In response to questions from the court, counsel for respondent told the court that, in his opinion, the payment of the $75,000 combined widow's and children's award would not jeopardize the estate and that there would be sufficient funds remaining to pay all other claims. The court granted the awards as requested.

Petitioner, the La Salle National Bank, had not filed a claim against the estate at the time the surviving spouse award was granted. The petitioner's claim for $154,721 was secured by two condominium units owned by the decedent. On October 9, 1981, petitioner filed a motion for reduction of the widow's and children's award pursuant to section 15—3 of the Probate act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 15—3). Petitioner asserted that the estate would be rendered insolvent by reason of the widow's and children's award. Petitioner alleged that certain condominiums originally valued at $151,500 were to be sold by the estate for the price of $110,000. Also, State and Federal inheritance taxes, attorney fees and administration costs had yet to be determined but insufficient assets were remaining in the estate to pay class seven claims once these claims had been paid.

At the hearing on petitioner's motion, held in October 1982, respondent testified that she received life insurance proceeds of $326,813, an individual retirement account of $66,873, and a death benefit of $5,000 from her husband's firm. She also receives a monthly pension from her husband's firm of $800. In addition, respondent received in joint tenancy common stock valued at $10,094

and the marital residence valued at $69,607. The children each received $50,000 in life insurance proceeds.

Petitioner presented evidence that the probate assets were valued at $274,611 in the January 1982 current account. The seventh class claims allowed against the State amounted to $178,291. The claim of petitioner included interest at the rate of $57.69 per day from July 6, 1980. Petitioner also presented copies of the estate's tax returns which showed that the estate owed Federal estate taxes and Illinois inheritance taxes totalling $77,019. Funeral bills and costs of administration are approximately $8,618, not including fees of counsel for the executor.

After hearing the arguments of counsel and testimony of respondent, the court reduced the widow's award to $20,000 and the children's award to a total of $10,000. The court ordered respondent to refund to the estate $44,200. In entering its decision, the court stated that "under these circumstances nonprobate assets must and are being considered by this Court in determining a reasonable award for Mrs. Caffrey and the three children of Decedent *** who were *** dependent when their father passed away." The court mentioned, in particular, life insurance proceeds, an individual retirement rollover account and monthly pension benefits. The court stated that "these benefits are not the independent wealth and means of Mrs. Caffrey but, in fact, are benefits that became available and payable due to the death of Mr. Caffrey *** [and] are not part of the probate estate."

On appeal, respondent argues that the statute which provides for an award to the surviving spouse should be liberally construed in light of its purpose to help alleviate the spouse's financial worries in the difficult time following the death of his or her spouse (*In re Estate of O'Neill* (1982), 104 Ill. App. 3d 488, 489, 432 N.E.2d 1111, 1112). Respondent argues that the legislature further protected the spouse's award by making it a class two claim (Ill. Rev. Stat. 1979, ch. 110½, par. 18—10).

Respondent relies upon *In re Estate of Handmacher* (1965), 60 Ill. App. 2d 376, 208 N.E.2d 604, to argue that a reduction in the spouse's award based upon consideration of nonprobate assets was improper and contravened the legislative purpose behind the statute. In *Handmacher* the court stated that "[t]he fact that the widow has independent means will not bar her from an award." (60 Ill. App. 2d 376, 380, 208 N.E.2d 604, 606.) Respondent argues that just as the assets a spouse has acquired by independent means should not be considered, so too, assets received outside of probate should not be considered in determining what is a reasonable award.

Respondent also argues that she should not be compelled to forfeit her statutory right to the widow's award solely because the husband had the foresight to provide for his family. She argues that the award she received originally was reasonable in view of the condition of the estate at the time the award was granted and in view of the manner in which she lived. Respondent contends that the problems in the estate arose when the condominiums sold for less than their appraised value and the interest due petitioner per day began to multiply. Respondent contends that her award should not be subject to change each time conditions in the estate have changed.

Petitioner asserts that the estate is insolvent and that to the extent that the widow and children receive an award, the class seven claimants are denied their due. Petitioner stresses that the purpose of the statute, by its terms, is to provide for "the proper support" of the widow in the nine months following the death of her husband. Petitioner contends that nonprobate assets received by the widow directly relate to the court's consideration of the spouse's "condition in life" and, therefore, were properly considered by the trial court. Petitioner points out that 65% of the decedent's assets passed to his beneficiaries outside of his probate estate. The probate estate, however, is subject to the claims of his creditors and to his estate tax liability.

Petitioner further contends that if the court had been properly apprised of the estate's financial position as known to the executor at the time the award was requested, the court would have seen that the award would have rendered that estate insolvent. Petitioner contends that the court was not informed of the extent of the taxable estate and the likely tax liability nor was the court informed of the size of known but unfiled claims against the estate.

Petitioner also argues that respondent's position is not aided by the *Handmacher* case. Petitioner contends that nonprobate assets which come into existence and pass to the widow upon the death of her husband are surely not independent wealth as used in *Handmacher* and the earlier case, *Gillett v. Gillett* (1904), 207 Ill. 136, 69 N.E. 942.

Section 15—1 of the Probate Act of 1975 provides:

"The surviving spouse of a deceased resident of this State whose estate, whether testate or intestate, is administered in this State, shall be allowed as the surviving spouse's own property, free from execution, garnishment or attachment in the hands of the representative, such a sum of money as the court deems reasonable for the proper support of the surviving spouse for the period of 9 months after the death of the dece-

dent in a manner suited to the condition in life of the surviving spouse and to the condition of the estate ***." (Ill. Rev. Stat. 1979, ch. 110½, par. 15—1.)

The statute also provides that an additional sum of money may be awarded for the proper support during this period of the dependent children of the decedent. (Ill. Rev. Stat. 1979, ch. 110½, pars. 15—1, 15—2.) The statute also provides that the award in no case may be less than $5,000 together with an additional sum of not less than $1,000. for each dependent child.

Section 15—3 provides that the representative shall apply to the court for an award and that upon the petition of the surviving spouse, the representative, an heir or legatee, or a creditor of the estate, the court may hear evidence and may increase or diminish the award as justice requires. Ill. Rev. Stat. 1979, ch. 110½, par. 15—3.

A widow's award is not an inheritable interest in the property of the deceased husband, but is a preferred claim and a debt of the estate. (*In re Estate of Guttman* (1952), 349 Ill. App. 58, 110 N.E.2d 87.) The statute does not restrict the widow to the bare necessities of life but rather provides a sum of money which will allow her to live in the manner that she has been accustomed to for a period of nine months. (*Handmacher.*) " 'The decedent's standard of living will be considered; a larger award may be proper for the widow of a "free liver" than for the widow of a more penurious man.' " (*In re Estate of Handmacher* (1965), 60 Ill. App. 2d 376, 380-81, 208 N.E.2d 604, 608.) The minimum amount of the award is not discretionary with the court. (*In re Estate of Buehnemann* (1975), 25 Ill. App. 3d 1003, 324 N.E.2d 97.) In making the award to the spouse, the court is not limited to consideration of the projected needs of the spouse as of the date of the decedent's death but should consider later circumstances affecting the needs of the spouse. (*In re Estate of Swisher* (1983), 114 Ill. App. 3d 42, 448 N.E.2d 256.) In *In re Estate of Meskimen* (1967), 84 Ill. App. 2d 471, 228 N.E.2d 255, *aff'd* 39 Ill. 2d 415, 235 N.E.2d 619, the court noted in *dicta* that it believed that the provisions of 15—3 could be used by the surviving spouse to petition the court for inclusion in its consideration of a proper award all of the alleged assets of the deceased within his control at the time of his death. *Meskimen* involved consideration of the court's refusal to admit to probate a trust agreement executed at the same time as the decedent's will.

The parties have represented that this is a case of first impression. We note initially that when requesting the widow and children's award of $75,000 counsel represented that the award would not jeopardize the estate. Counsel also did not present the court with any

written documents on the condition of the estate. If there had been full disclosure of the facts the court would have been better able to make an award based upon the condition of the estate.

The plain meaning of the statute does not support the restrictive view advocated by respondent. We do not believe the legislature intended a rigid and technical limitation to the court's consideration of the assets left by the decedent in determining the support necessary for the surviving spouse. In our view the court may properly consider nonprobate assets which the surviving spouse has received.

We are not attempting to prevent the respondent from obtaining an adequate widow's award in compliance with the statute. We hold, however, that under the facts of this case, the trial court was correct in considering nonprobate assets which the widow received in its determination of the sum necessary for her proper support.

Accordingly, for the reasons stated herein, the order of the circuit court is affirmed.

Order affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.