*In re* ESTATE OF THOMAS F. KELLY, SR., Deceased (Thomas S. Chuhak, Adm'r with the Will Annexed, Respondent-Appellee, v. Thomas F. Kelly, Jr., *et al.*, Claimants-Appellants).—THOMAS F. KELLY, JR., Plaintiff-Appellant, v. WABASH PUBLISHING COMPANY, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)    Nos. 1—91—0536, 1—91—0804 cons.

Opinion filed December 30, 1992.

Jerome H. Torshen, Abigail K. Spreyer, and Steven P. Garmisa, all of Chicago, for appellant Thomas F. Kelly, Jr.

James D. Murphy and Gary W. Seyring, both of Chicago, for appellant Estate of Patricia W. Kelly.

Walter P. Dahl and James E. Dahl, both of Chicago, for appellee Thomas S. Chuhak.

Robert A. Filpi, of Chicago, for other appellees.

JUSTICE RIZZI delivered the opinion of the court:

Claimants, Thomas F. Kelly, Jr. (Junior), and the estate of Patricia W. Kelly, deceased, brought claims in the circuit court against respondent, the estate of Thomas F. Kelly, Sr., deceased, asserting ownership of certain stock certificates found in the possession of Thomas F. Kelly, Sr. (Senior), at the time of his death. Thereafter, Junior brought another action in the circuit court seeking declaratory, injunctive and other equitable relief against defendants, Wabash Publishing Company, Inc., Balboa Realty Corporation, Premiere Publishing Company, Inc., Berk Publishing Company, Inc., Thomas S. Chuhak, administrator with will annexed of the estate of Thomas F. Kelly, Sr., Kathleen Morrison and Collette Condon, co-executors of the estate of Patricia W. Kelly, Grace Kelly (Grace), Anamarie Kelly Stoppa (Anamarie) and Alberto Stoppa, to recover his rightful percentage of ownership in the aforementioned corporations (chancery action). In addition, Grace filed an application for a surviving spouse's award pursuant to section 15—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 15—1) against the estate of Thomas F. Kelly, Sr. The actions were consolidated for trial. Following a bench trial, the trial court denied claimants' claims against the estate of Thomas F. Kelly, Sr., and entered judgment in the chancery action in favor of defendants. The trial court also granted Grace's application for a surviving spouse's award.

On appeal, claimants contend that (1) the denial of their claims and the entry of judgment in favor of the estate of Thomas F. Kelly, Sr., and defendants is contrary to the manifest weight of the evidence; (2) the order granting Grace's application for a surviving spouse's award is not supported by the pleadings or evidence; (3) the trial court erred when it based its ruling on personal knowledge of facts not admitted into evidence; (4) the trial court erred when it

failed to properly apply conclusive judicial admissions; (5) the trial court erred when it failed to apply the doctrine of contemporaneous construction; (6) the trial court erred when it precluded testimony pursuant to the Dead Man's Act (Ill. Rev. Stat. 1989, ch. 110, par. 8—201); (7) the trial court erred when it based its ruling on inadmissible hearsay testimony; and (8) the trial court erred when it failed to shift the burden of persuasion pursuant to section 8—105 of the Illinois Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 8—105). We reverse and remand.

In 1956, Senior, Junior and George Kelly (George) registered as a partnership doing business under the assumed name "Illinois Sports News" with the State of Illinois. In 1964, Senior, Junior and George incorporated the partnership into four separate corporations, Wabash Publishing Company, Balboa Realty Corporation, Premiere Publishing Company and Berk Publishing Company (Kelly corporations). In 1968, Senior and Junior purchased George's shares in the Kelly corporations. In 1969 and 1970, all outstanding shares in the Kelly corporations were redeemed and new stock certificates were issued in the names of Junior, Patricia, Grace and Anamarie. When the new certificates were distributed, Senior directed Junior, Patricia, Grace and Anamarie to endorse the certificates in blank and return them to him. They complied, and the certificates were placed in the corporate safe where they remained until 1986. In July 1986, Patricia died. In October 1986, Senior removed the stock certificates from the corporate safe, declared himself sole shareholder of the Kelly corporations and reissued the shares of the corporations in his name. In November 1988, Senior died. Thereafter, claimants brought this consolidated action in the circuit court asserting their rightful percentage of ownership in the Kelly corporations. In addition, Grace filed an application for a surviving spouse's award. Following a bench trial, the trial court ruled that Junior, Patricia, Grace and Anamarie were merely "fronts" for Senior's ownership of the Kelly corporations and entered judgment on all claims against claimants and in favor of the estate of Thomas F. Kelly, Sr., and defendants. The trial court also granted Grace's application for a surviving spouse's award and entered judgment in favor of Grace and against the estate of Thomas F. Kelly, Sr., in the amount of $150,000. This appeal followed.

■ Claimants first contend that the denial of their claims and the entry of judgment in favor of the estate of Thomas F. Kelly, Sr., and defendants is contrary to the manifest weight of the evidence. A person in possession of an investment security which has been endorsed in blank is entitled to recover on the security unless a defense or de-

fect going to the validity of the security is established. (Ill. Rev. Stat. 1985, ch. 26, pars. 1—201(20), 8—105.) At trial, claimants advanced the. defense that Senior is not the rightful owner of shares in the Kelly corporations issued in their names because they neither sold nor made valid *inter vivos* gifts of these shares to him. The trial court ruled, however, that claimants failed to establish this defense. After reviewing the record, we find that claimants established this defense by clear and convincing evidence. Accordingly, the denial of claimants' claims and the entry of judgment in favor of the estate of Thomas F. Kelly, Sr., and defendants is contrary to the manifest weight of the evidence.

After Senior and Junior purchased George's shares in the Kelly corporations, they each owned approximately one-half of the shares in Wabash Publishing Company, Balboa Realty Corporation and Premiere Publishing Company. Senior also owned two-thirds of the shares in Berk Publishing Company while Junior owned the remaining one-third. In 1969 and 1970, all outstanding shares in the Kelly corporations were redeemed and new stock certificates were issued in the names of Junior, Patricia, Grace and Anamarie. The estate of Patricia W. Kelly argues that Senior and Junior made valid *inter vivos* gifts of 20% of the shares in the Kelly corporations to Patricia when the new certificates were issued in her name and distributed to her. Junior further argues that Senior contemporaneously made a gift of 300 shares in Berk Publishing Company to him at this time. Junior acknowledges that he made a gift of 10% of the shares in the Kelly corporations to Patricia when the shares were redeemed and reissued in 1969 and 1970. Senior, however, denies that he made a gift of his shares in the Kelly corporations to anyone at anytime.

■ A gift is a voluntary, gratuitous transfer of property by one to another where the donor manifests an intent that there be a present and irrevocable transfer of title to the subject matter of the gift, including relinquishment of all present and future dominion and control of the subject matter of the gift, and the donor absolutely and irrevocably delivers the subject matter of the gift to the donee. (*Little City Foundation v. Capsonic Group, Inc.* (1992), 231 Ill. App. 3d 122, 125-26, 596 N.E.2d 146, 148.) The record here establishes by clear and convincing evidence that Senior intended to irrevocably transfer title of his shares in the Kelly corporations to Junior, Patricia, Grace and Anamarie when the new stock certificates were issued and dis-tributed to them. While Senior contends that he never relinquished absolute dominion and control over his shares, filings with the Internal Revenue Service, the United States Postal Service as well as the

corporate minutes and records of the Kelly corporations evince Senior's irrevocable delivery of his shares to Junior, Patricia, Grace and Anamarie. We, therefore, conclude that Senior made valid *inter vivos* gifts of 300 shares in Berk Publishing Company to Junior, 20% of the shares in each of the Kelly corporations to Grace and Anamarie, and 10% of the shares in each of the Kelly corporations to Patricia when the shares were redeemed and reissued in 1969 and 1970.

■ Claimants argue that they never relinquished ownership of the shares of the Kelly corporations issued in their names because they neither sold nor made valid *inter vivos* gifts of the shares. We agree. Senior does not contend that he is a *bona fide* purchaser of claimants' shares. (See Ill. Rev. Stat. 1985, ch. 26, par. 8—302.) Moreover, it is plain that claimants did not make valid *inter vivos* gifts of their shares to Senior when they endorsed the stock certificates in blank and returned them to him because they continued to vote their shares, receive dividends and otherwise maintain dominion and control of the shares between 1970 and 1986. (See *In re Estate of Heilman* (1976), 37 Ill. App. 3d 390, 396-97, 345 N.E.2d 536, 541; *In re Estate of Waggoner* (1955), 5 Ill. App. 2d 130, 140-41, 125 N.E.2d 154, 159 (no delivery of subject matter of gift where donor continues to vote shares or receive dividends).) We therefore hold that claimants established the following ownership of shares in the Kelly corporations as of July 7, 1986:

### Wabash Publishing Company

| Shareholder | Certificate Nos. | Shares | Percentage |
|---|---|---|---|
| Senior | — | 0 | 0% |
| Junior | 20 | 2,667 | 40% |
| Patricia | 12, 16, 19, 23 | 1,333⅓ | 20% |
| Grace | 10, 14, 17, 21 | 1,333⅓ | 20% |
| Anamarie | 11, 15, 18, 22 | 1,333⅓ | 20% |

### Balboa Realty Corporation

| Shareholder | Certificate Nos. | Shares | Percentage |
|---|---|---|---|
| Senior | — | 0 | 0% |
| Junior | 15 | 1,734 | 40% |
| Patricia | 7, 11, 14, 18 | 866⅔ | 20% |
| Grace | 5, 9, 12, 16 | 866⅔ | 20% |
| Anamarie | 6, 10, 13, 17 | 866⅔ | 20% |

### Premiere Publishing Company

| Shareholder | Certificate Nos. | Shares | Percentage |
| --- | --- | --- | --- |
| Senior | — | 0 | 0% |
| Junior | 7 | 213 | 40% |
| Patricia | 6, 10 | 107 | 20% |
| Grace | 4, 8 | 107 | 20% |
| Anamarie | 5, 9 | 107 | 20% |

### Berk Publishing Company

| Shareholder | Certificate Nos. | Shares | Percentage |
| --- | --- | --- | --- |
| Senior | — | 0 | 0% |
| Junior | 2, 4 | 728 | 40% |
| Patricia | 7 | 364 | 20% |
| Grace | 5 | 364 | 20% |
| Anamarie | 6 | 364 | 20% |

■ Claimants next contend that the order granting Grace's application for a surviving spouse's award in the amount of $150,000 is not supported by the pleadings or evidence. We agree. The record does not contain specific facts upon which the trial court could make a determination of Grace's present or future financial needs or the condition of the estate of Thomas F. Kelly, Sr. (Ill. Rev. Stat. 1987, ch. 110½, pars. 15—1, 15—3; *In re Estate of Caffrey* (1983), 120 Ill. App. 3d 917, 921, 458 N.E.2d 1147, 1150.) Furthermore, we are unable to determine from the record the reasonableness of the award. We therefore hold that the order granting Grace's application for a surviving spouse's award in the amount of $150,000 is vacated without prejudice for further proceedings.

Accordingly, the judgment of the circuit court is reversed and the case is remanded for further proceedings in accordance with what is stated herein.

Reversed and remanded.

TULLY and CERDA, JJ., concur.