(No. 40863.—)

*In re* ESTATE OF OLIVE CLINE MESKIMEN.—(Lawrence L. Meskimen, Appellant, vs. Continental Illinois National Bank and Trust Company of Chicago, Appellee.)

*Opinion filed March 28, 1968.*

BARNABAS F. SEARS and GERALD M. SHERIDAN, JR., of Chicago, (BOODELL, SEARS, SUGRUEE & CROWLEY, of counsel,) for appellant.

HUBACHEK, KELLY, MILLER, RAUCH &· KIRBY, and J. GLENN BONNEFOI, both of Chicago, (THOMAS W. BLOSS, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The Continental Illinois National Bank and Trust Company of Chicago, Illinois, referred to herein as petitioner, presented to the circuit court of Cook County the will of Olive Cline Meskimen in which petitioner was named as executor and moved for the admission of the will to probate and for the issuance of letters testamentary. The decedent's surviving spouse, Lawrence L. Meskimen, referred to herein as respondent, objected, but the trial court granted the prayer of the petition and admitted the will to probate. Respondent appealed to the Appellate Court for the First District which affirmed the order of the circuit court. (84 Ill. App. 2d 471.) We granted leave to appeal.

The will in question made certain specific bequests including a gift to respondent of certain library books and music records and $5000 in cash, and stated that the bequest to respondent in no way affected the operation or effect of an antenuptial agreement. The residual clause of the will gave the residue to petitioner as trustee under

a certain trust agreement dated the same day as the will and provided that the residue of the estate should be added to and commingled with the property of that trust and held, managed and distributed by the trustee thereof in accordance with the terms and provisions of the trust agreement. The petition to admit the will to probate estimated the value of the estate at $75,000 and it appears from the trust agreement, which was offered in evidence but refused, that the value of the property in the trust was approximately $280,000. Respondent was not a beneficiary of the trust.

Respondent's basic contention is that the trust agreement should be admitted to probate as a part of decedent's will. He argues that the actual will of the decedent is incomplete on its face since it refers to the trust agreement and provides for distribution of the residue of the probate estate in accordance with the terms of that agreement. He says that the "will" of the decedent should be construed to include all instruments providing for the distribution of the decedent's property upon her death, and claims that the trust instrument must be incorporated by reference and made a part of the will.

There is authority for the proposition that a will may incorporate by reference other documents, even though these documents may not be executed with the formality required for the execution of a will. (*Bottrell* v. *Spengler,* 343 Ill. 476; *Keeler* v. *Merchants Loan and Trust Co.,* 253 Ill. 528.) In order for another document to be incorporated by reference in a will, three things are necessary: (1) the will itself must refer to such paper to be incorporated as being in existence at the time of the execution of the will and in such a way as to reasonably identify such paper in the will and in such a way as to show the testator's intention to incorporate the instrument in the will and make it a part thereof; (2) such document must in fact be in existence at the time of the execution of the will; (3) such

instrument must correspond to the description in the will and must be shown to be the instrument therein referred to. (*Keeler* v. *Merchants Loan and Trust Co.*, 253 Ill. 528, 535.) All three requisites must coexist in order to incorporate an extrinsic document into a will. In our opinion the will of the decedent in this case did not contain all of the elements necessary for incorporation of the trust agreement. It is true that the will referred to the trust agreement and sufficiently identified it as being in existence at the time of the execution of the will, and it is clear that the trust agreement is in fact the instrument referred to in the will. However, the language of the will does not disclose any intention to incorporate the terms of the document into the will. Instead, the will, like most "pour-over" wills, manifested an intent to give decedent's property to the trustee to be administered as part of the *inter vivos* trust and did not purport to create a testamentary trust. It has been said that one of the purposes of an *inter vivos* trust, into which assets are "poured" by will, is to avoid publicity concerning family and business plans which would occur if these plans were incorporated into a will which became public record on being admitted to probate. To incorporate the trust by reference would defeat this purpose. (McClanahan, Bequests to Existing Trusts—Problems and Suggested Remedies, (1959) 47 Cal. Law Review 267.) The Supreme Court of California has called attention to the fact that most "pour-over" wills do not express an intention to incorporate and, in fact, indicate strongly to the contrary. In *Wells Fargo Bank and Union Trust Co.* v. *Superior Court,* 32 Cal.2d 1, 193 P.2d 721, the court stated: "It is neither necessary nor proper to apply the doctrine of incorporation by reference to a valid and operative inter-vivos trust when the trustor, as in the present case, expressed no intention in the will or in the inter vivos trust instrument that the latter be incorporated into the will. The expressed intention of the testator in both docu-

ments was contrary to the theory that he intended to incorporate the trust into his will."

It is not necessary to rely upon incorporation by reference to sustain a bequest to an existing trust. Such bequests can be sustained under what has been described as the independent significance doctrine which states that in carrying out the intent of a testator reference may be made to a document having independent legal significance without the necessity of strict compliance with the formal rules for incorporating this document into the will. *Inter vivos* trusts, such as the one in the present case, have such independent significance entirely apart from the will. They establish a fiduciary relationship between the decedent and the trustee and grant powers and impose duties upon the trustee. Without regard to the will, the trust document and the trust relationship thus created come into existence. This approach to the question of the validity of such bequests is well illustrated in *Swetland* v. *Swetland,* 102 N.J. Equity 294, 140 Atl. 279, where the court sustained a gift to a trustee, stating, "The trust to which this bequest is added is not theoretical, nebulous, intangible or incapable of identification, but exists in fact and the trustee-legatee is as distinct and definite an entity as would have been an individual or corporate legatee." The court stated that it was not necessary to determine from the will who the ultimate beneficiaries might be since this was controlled by the terms of the trust. The McClanahan article heretofore referred to also aptly points out this theory which in our opinion best sustains the validity of such bequests. In 47 Cal. Law Review 267, 277, footnote 51, the author states:

"The gift under review was made *by the will to the trustee, not by the trust instrument to the beneficiaries.* When a will has been admitted to probate, when the trustee named as a legatee in the will has been properly identified, when the executor stands ready to deliver the property to the trustee and the trustee stands ready to receive it, the

act of testation is finished; the property has come to rest in the hands of the legatee named in the will (the trustee), the will has served its full purpose as a testamentary instrument, the executor and the probate court have fully performed their functions in the administration of the estate; the future ownership and management of the property by the trustee is to be controlled by the terms of the living trust agreement, subject to whatever courts have jurisdiction of such trusts; and *that future ownership is not part of the testamentary process* which was set in motion when the will was offered for probate." (Emphasis in the original.)

Section 43a of the Probate Act (Ill. Rev. Stat. 1965, chap. 3, par. 43a) also lends support to the position that a bequest to an existing trust does not become incorporated in a will. This section, entitled "Testamentary Additions to Trusts", provides as follows: "By a will signed and attested as provided in this Act a testator may devise and bequeath real and personal estate to a trustee of a trust which is evidenced by a written instrument in existence when the will is made and which is identified in the will, even though the trust is subject to amendment, modification, revocation or termination. Unless the will provides otherwise the estate so devised and bequeathed shall be governed by the terms and provisions of the instrument creating the trust including any amendments or modifications in writing made at any time before or after the making of the will and before the death of the testator."

The main purpose of this section was to validate transfers to *inter vivos* trusts which were amenable or subject to modification, revocation or termination, since there was a conflict of authority in other jurisdictions as to whether such bequests could be upheld if the trust had been amended or was even subject to amendment. In *Continental Illinois National Bank and Trust Co.* v. *Art Institute,* 409 Ill. 481, we upheld a gift to a trust which had been amended, with-

out reliance upon incorporation by reference. However, the dissenting opinion in that case cast doubt upon the validity of a bequest to such a trust and it has been generally assumed that section 43(a) was enacted because of that dissenting opinion. By permitting bequests to a trust which has been amended after the date of the will, which would be impossible under the strict rules for incorporation by reference, the legislature has demonstrated an intent that incorporation of the trust agreement into a will is not required and that a bequest to an existing trust is valid without such incorporation. We are not impressed by respondent's argument that a "will" is the disposition of one's property to take effect upon one's death and must therefore include all documents providing for such disposition. To so hold would mean that joint tenancy deeds, joint bank accounts, bonds payable on death to another, and similar instruments, would constitute the "will" of a decedent and would have to be admitted to probate. It is quite clear that such documents are not a part of the probate estate and are not a part of a decedent's will. We therefore hold that the trust instrument was not incorporated in the will and that the trust instrument need not be admitted to probate.

Respondent argues that the admission of the will itself without the trust instrument deprives him in large part of his statutory right to renounce or contest the will without due process of law. The trial court and appellate court held that so long as the proof showed that the will itself was executed in accordance with the standards set forth in section 69 of the Probate Act it must be admitted without regard to the trust instrument. Respondent contends that this construction of section 69 of the Probate Act is unconstitutional. In view of what we have stated with regard to the admission of the will without admitting the trust document, we are of the opinion that respondent's position cannot be sustained. Actually, his contention is that the decedent, by the creation of the trust, removed the large

majority of her assets from her probate estate, in fraud of respondent's rights. Respondent concedes that one may absolutely dispose of personal property during his lifetime and that such disposition is not a fraud upon the rights of his spouse. Respondent claims however, that the decedent retained control over the corpus of the trust during her lifetime and that the transfer was merely colorable. We express no opinion on this point for the reason that this question cannot be resolved in the proceeding provided by statute for the admission of a will to probate. This issue may be raised by respondent in a separate proceeding. See *Smith* v. *Northern Trust Co.*, 322 Ill. App. 168; *Burnet* v. *First National Bank*, 12 Ill.2d 514.

It is also respondent's position that the trial court erred in failing to give notice to the beneficiaries under the trust when it appeared that the admission of the will to probate would be challenged. Section 64 of the Probate Act (Ill. Rev. Stat. 1965, chap. 3, par. 64) provides in part as follows: "When the petition names a trustee of a trust, it shall not be necessary to mail a copy of the petition to any beneficiary of such trust who is not an heir of the testator or to include the name of such beneficiary in the published notice. If any person objects to the admission of the will to probate, the court may require that such notice of the time and place of the hearing as it deems expedient be given to any beneficiary of the trust not previously notified."

It is clear that this provision does not require notice but leaves it to the discretion of the court. Respondent argues that when so construed the statute deprives the beneficiaries of due process of law. It is a sufficient answer to this contention to point out that respondent is in no position to raise the question. He received notice and vigorously opposed the admission of the will without the trust agreement. The beneficiaries who failed to receive notice are the

only persons in a position to raise the alleged constitutional issue.

Respondent also claims, in addition to the constitutional point, that the proceedings were void because of the lack of necessary parties. A will may be admitted to probate without notice to any party, and in fact, this was the former procedure in this State. (*In re Will of Ingalls,* 148 Ill. 287, 294; *Dibble* v. *Winter,* 247 Ill. 243, 256.) It is for the legislature to determine what parties are necessary in such a proceeding and since the legislature has expressly stated that beneficiaries need not be notified unless the court deems it expedient, the beneficiaries of the trust were not necessary parties.

Respondent's final contention is that the will was not attested by two credible witnesses as required by section 43 of the Probate Act. (Ill. Rev. Stat. 1965, chap. 3, par. 43.) The three witnesses attesting the will were Edna Long, who was the secretary of J. Glenn Bonnefoi, an attorney; Joseph Berzin, an attorney who shared offices with Bonnefoi; and James J. Kilgallon, another attorney who shared offices with Bonnefoi. Kilgallon prepared the will and the trust agreement. By the terms of the trust, J. Glenn Bonnefoi was to receive 10% of the corpus of the trust upon the death of the decedent. Respondent argues that all of these parties were acting for Bonnefoi and that since he received an interest under the trust these witnesses were not credible witnesses. The witnesses were subjected to cross-examination at the hearing and the evidence totally failed to show that they received any financial interest under the will or the trust. The arrangement under which the attorneys practiced did not provide for the sharing of any income but only for the sharing of certain office expenses. The fact that Bonnefoi received an interest under the trust does not in any manner render the witnesses to the will incompetent or affect the credibility of their testimony.

424

We are of the opinion that the order of the trial court and the judgment of the appellate court were correct, and the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*