# Illinois Official Reports

## Appellate Court

---

### *People v. Kuhn*, 2014 IL App (3d) 130092

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL R. KUHN, Defendant-Appellant. |
| | |
| District & No. | Third District<br>Docket Nos. 3-13-0092, 3-13-0195, 3-13-0618 cons. |
| | |
| Filed | August 15, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant lacked standing to object to his own failure to properly notify the State of his petition under section 2-1401 of the Code of Civil Procedure for relief from judgment pursuant to Supreme Court Rule 105, and therefore, the trial court's *sua sponte* dismissal of the petition was affirmed. |
| | |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 08-CF-163; the Hon. Cynthia M. Raccuglia, Judge, presiding. |
| | |
| Judgment | Affirmed. |

| Counsel on Appeal | Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant. |

Brian Towne, State's Attorney, of Ottawa (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel: JUSTICE WRIGHT delivered the judgment of the court, with opinion. Presiding Justice Lytton and Justice Schmidt concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant, Daniel R. Kuhn, appeals from the dismissal of his petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)). On appeal, defendant argues that the trial court's *sua sponte* dismissal of the petition should be vacated because the petition was not ripe for adjudication as it was not properly served on the State. We affirm.

## FACTS

¶ 2      On May 18, 2009, defendant pled guilty to unlawful possession of a controlled substance in exchange for a sentence of 30 months' probation. On October 6, 2011, defendant admitted to violating his probation by driving while his license was revoked. The trial court revoked defendant's probation and resentenced defendant to four years' imprisonment.

¶ 3      On August 27, 2012, defendant filed a section 2-1401 petition. 735 ILCS 5/2-1401 (West 2012). The petition was accompanied by a proof of service that stated the petition was served on the La Salle County clerk, the La Salle County State's Attorney, and Judge Raccuglia. The proof of service indicated that defendant had placed the documents in the institutional mail at Western Correctional Center for mailing through the United States Postal Service. The proof of service was dated August 22, 2012, and was file stamped August 27, 2012.

¶ 4      On September 5, 2012, defendant filed a motion to withdraw his guilty plea. On September 24, 2012, defendant filed a motion *nunc pro tunc*. Both motions proceeded to a hearing on October 4, 2012. After the hearing, the trial court denied both motions.

¶ 5      On December 24, 2012, defendant filed an amended motion to withdraw his guilty plea. On January 10, 2013, the State and defendant appeared for a hearing on the motion. At the conclusion of the hearing, the trial court denied defendant's motion and defendant appealed. The appeal was docketed as case No. 3-13-0092.

¶ 6      On March 4, 2013, the trial court *sua sponte* denied a pleading that it characterized as defendant's "motion to correct unlawful sentence." Defendant filed a notice of appeal, and the case was docketed as case No. 3-13-0195.

¶ 7      On August 13, 2013, the trial court entered an order that clarified its March 4, 2013, order had disposed of all pending motions including defendant's petition for relief from judgment. Defendant filed a notice of appeal and the case was docketed as case No. 3-13-0618. On

appeal, defendant filed, and we granted, a motion to consolidate case Nos. 3-13-0092, 3-13-0195, and 3-13-0618. Thereafter, defendant filed a single brief under case No. 3-13-0092.

¶ 8                                                    ANALYSIS

¶ 9      Defendant argues that the trial court's *sua sponte* dismissal of his section 2-1401 petition should be vacated since it was not ripe for adjudication because it was not properly served on the State. We review the dismissal of a section 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1 (2007).

¶ 10     Section 2-1401 of the Code provides a statutory procedure for the vacatur of a final judgment that is more than 30 days but less than 2 years old. 735 ILCS 5/2-1401 (West 2012). A petition brought under section 2-1401 must be filed in the same proceeding in which the challenged order or judgment was entered, but the petition is not a continuation of the original action. 735 ILCS 5/2-1401(b) (West 2012).

¶ 11     The notice requirements for filing a section 2-1401 petition are governed by Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989). Ill. S. Ct. R. 106 (eff. Aug. 1, 1985). Rule 105 provides that notice may be served by either summons, certified or registered mail, or by publication. Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989). "The object of process is to notify a party of pending litigation in order to secure his appearance." *Professional Therapy Services, Inc. v. Signature Corp.*, 223 Ill. App. 3d 902, 910 (1992). In construing the sufficiency of the notice, we focus on whether the object and intent of the law were substantially attained rather than the formal and technical requirements. *People v. Ocon*, 2014 IL App (1st) 120912.

¶ 12     After notice has been served, the responding party has 30 days to file an answer or otherwise appear. Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989). However, the party opposing the petition need not file a responsive pleading. *Vincent*, 226 Ill. 2d 1. A trial court may only *sua sponte* dismiss a section 2-1401 petition after the expiration of the 30-day response period. *People v. Laugharn*, 233 Ill. 2d 318 (2009).

¶ 13     Here, defendant takes the unusual position of objecting to his failure to properly serve the State with notice of his section 2-1401 petition. The State responds that although defendant's service did not comply with Rule 105, it had actual notice of the petition, which was sent by regular mail, and was present at two hearings that occurred after the petition was filed.

¶ 14     In *Ocon*, 2014 IL App (1st) 120912, the First District Appellate Court discussed the standing element of a defendant's appellate challenge to his improper service of a section 2-1401 petition. In its analysis, the court cited the standing principle that " 'a party may "object to personal jurisdiction or improper service of process only on behalf of himself or herself." ' " *Id.* ¶ 34 (quoting *In re M.W.*, 232 Ill. 2d 408, 427 (2009), quoting *Fanslow v. Northern Trust Co.*, 299 Ill. App. 3d 21, 29 (1998)). The court noted "[t]his case presents an unusual situation in which defendant is objecting to the lack of proper service of his petition on the State," but the court did not resolve the case on standing grounds. *Ocon*, 2014 IL App (1st) 120912, ¶ 35.

¶ 15     In the instant case, defendant objects to his improper service of process on the State. Defendant has not argued or cited authority to overcome his lack of standing to make this objection on behalf of the State. Therefore, we conclude that defendant does not have standing to raise an issue regarding the State's receipt of service.

¶ 16     Alternatively, the notice provided to the State was sufficient to allow the State to determine how it wanted to proceed. The record indicates that defendant served the section 2-1401

petition on the State by regular mail. Thereafter, the State appeared at two hearings, but did not file a responsive pleading or object to the improper service. Defendant's service, although technically not compliant with Rule 105, provided the State with actual notice of the petition and allowed the State to file a responsive pleading or object to the noncompliant service. The State did neither and does not object on appeal. Therefore, we affirm the *sua sponte* dismissal of defendant's section 2-1401 petition and conclude that defendant abandoned the issues raised in the notices of appeal for case Nos. 3-13-0195 and 3-13-0618.

¶ 17                                     CONCLUSION

¶ 18          The judgment of the circuit court of La Salle County is affirmed.

¶ 19          Affirmed.