# Illinois Official Reports

## Supreme Court

---

### *People v. Matthews*, 2016 IL 118114

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JERRELL MATTHEWS, Appellee. |
| Docket No. | 118114 |
| Filed<br>Rehearing denied | December 1, 2016<br>January 23, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Arthur F. Hill, Jr., Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Circuit court judgment affirmed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, Annette Collins, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People.<br><br>Michael J. Pelletier, State Appellate Defender, Patricia Mysza, Deputy Defender, and Rachel M. Kindstrand, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee. |

Justices

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Freeman, Thomas, Kilbride, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1  On March 25, 2012, defendant Jerrell Matthews mailed a petition for relief from judgment via the prison mail system at Menard Correctional Center to the clerk of the Cook County circuit court and the Cook County State's Attorney's office. On May 24, 2012, the circuit court dismissed the petition *sua sponte* as untimely. The appellate court concluded that the dismissal was premature because the State was never properly served. The judgment of the circuit court was vacated, and the cause remanded. The State appealed to this court pursuant to Illinois Supreme Court Rule 315 (eff. July 1, 2013).

¶ 2                            BACKGROUND

¶ 3  Defendant-petitioner was convicted of first degree murder in 2007. The appellate court affirmed the conviction. Defendant filed a postconviction petition in 2010 alleging ineffective assistance of counsel and insufficient evidence to support his conviction. The circuit court dismissed the petition as frivolous and patently without merit. The appellate court again affirmed.

¶ 4  On March 25, 2012, defendant mailed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure, asserting he was denied a fair trial based on alleged perjury by a State's witness. 735 ILCS 5/2-1401 (West 2010). The substance of the petition is irrelevant for purposes of this appeal. Defendant attached to the petition a "proof/certificate of service," which stated that the petition was mailed "with proper first-class postage attached thereto" via the prison mail system at Menard Correctional Center to the clerk of the Cook County circuit court and the Cook County State's Attorney's office. The petition was marked "received" on April 11 by the clerk's office and file-marked and docketed on April 23. On May 21, 2012, the circuit court continued the case. On May 24, the circuit court entered an order in which it dismissed the petition as untimely. The court further explained that the petition contained no argument of merit and lacked any supporting documentation. Defendant was not present in the courtroom at the time of the dismissal, and the transcript reveals no active participation by the State's Attorney's office, although it does list Assistant State's Attorney Kimellen Chamberlain and State's Attorney Anita Alvarez as appearing for the State.

¶ 5  On appeal, defendant argued that the dismissal was premature because he never properly served the State and, thus, the 30-day period for filing a response had not yet expired. Defendant contended that service was improper because the proof of service does not indicate that the petition was mailed via certified or registered mail as required by Illinois Supreme Court Rule 105 (eff. Sept. 28, 1978). The appellate court concluded that defendant did not properly serve the State but that the State received actual notice of the petition and forfeited any objection to improper service. Thus, defendant's argument that the dismissal was premature could not be sustained on the basis that service was never effectively completed.

However, the appellate court held the petition was not ripe for adjudication and dismissal was premature because less than 30 days had passed from the date the State received actual notice of the filing. The appellate court reversed the judgment of the circuit court and remanded the case for further proceedings. The State filed a petition for leave to appeal in this court, which was allowed January 20, 2016.[1] Ill. S. Ct. R. 315.

¶ 6                                          ANALYSIS

¶ 7     The circuit court dismissed defendant's petition for relief from judgment as untimely. Such petitions "must be filed not later than 2 years after the entry of the order or judgment," unless the petitioner can demonstrate that he or she has been "under legal disability or duress" or unless the "ground for relief [has been] fraudulently concealed." 735 ILCS 5/2-1401(c) (West 2010). Defendant does not challenge the circuit court's finding that his petition was untimely, but he asserts that the court's order dismissing the petition was premature based on his own failure to comply with the applicable service requirements. Ill. S. Ct. R. 106 (eff. Aug. 1, 1985) (indicating that the service procedures set forth in Rule 105 apply to section 2-1401 petitions); Ill. S. Ct. R. 105 (setting forth the requirements for serving and filing a petition).

¶ 8     Illinois Supreme Court Rule 105 provides that a section 2-1401 petitioner must provide the opposing party with notice that the petition has been filed. Notice may be served in person, by mail, or by publication. Ill. S. Ct. R. 105. If by mail, service must be sent by certified or registered mail. *Id.* The notice must inform the respondent that "a judgment by default may be taken against him *** unless he files an answer or otherwise files an appearance *** within 30 days after service, receipt by certified or registered mail, or the first publication of the notice." *Id.* If the responding party fails to respond within the 30-day period, any question as to the petition's sufficiency is deemed waived, and the petition is treated as properly stating a cause of action. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). The court can dismiss a petition despite a lack of responsive pleading if the petition is deficient as a matter of law. *Id.* at 8-9. However, the court cannot *sua sponte* dismiss a petition before the 30-day response period expires. *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). Defendant cites *Laugharn* in support of his position that the dismissal of his petition was premature because he never properly served the State and thus the 30-day response period never commenced. He further contends that, because the State was not properly served, the circuit court lacked personal jurisdiction and, therefore, the dismissal order is void.

¶ 9     This court reviews the dismissal of a section 2-1401 petition *de novo*. *People v. Carter*, 2015 IL 117709, ¶ 13. This court also reviews *de novo* whether the circuit court obtained personal jurisdiction. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17.

¶ 10    As the appellant below, defendant had the burden of presenting a sufficiently complete record so that the reviewing court could determine whether the claimed error occurred. *People*

------

[1]Despite the fact that the petition for leave to appeal had been filed, the circuit court on remand allowed defendant to file an amended section 2-1401 petition. The court then dismissed both the original and the amended petitions, and defendant again appealed. The appellate court granted an agreed motion for summary disposition, vacating the circuit court's dismissal of the petitions based on lack of jurisdiction. Although both parties failed to provide the court with any record of the proceedings occurring after the petition for leave to appeal was filed, this court has taken judicial notice of the subsequent orders.

*v. Carter*, 2015 IL 117709, ¶ 19. The State contends that defendant did not sufficiently show that service was improper. Alternatively, the State claims it had actual notice of the petition more than 30 days before the dismissal; therefore, the court had personal jurisdiction, and dismissal was appropriate. However, the State urges this court to first address whether defendant should be estopped from making such an argument based on his own failure to properly serve the State or whether he has standing to challenge the dismissal order.

¶ 11    We have been presented with this issue before. In *Carter*, the defendant similarly argued that dismissal of his section 2-1401 petition was premature because he had not yet correctly served the State. *Id.* ¶ 18. Based on the evidence in the record, we concluded that the defendant had failed to demonstrate that service was improper. *Id.* ¶ 22. We did not reach the State's argument that a petitioner should not be able to challenge an order based on his own service error. Since then, several panels of our appellate court have considered this argument and reached contradictory conclusions. Compare *People v. Donley*, 2015 IL App (4th) 130223, ¶ 34 (" 'Defendant should not be able to serve a party incorrectly and then rely on the incorrect service to seek reversal' of the trial court's decision." (quoting *People v. Alexander*, 2014 IL App (4th) 130132, ¶ 47)), *Alexander*, 2014 IL App (4th) 130132, ¶ 46 ("[T]he 30-day period does not provide a sword for a petitioner to wield once a court—as in this case—does not find in his favor, especially given that, under defendant's interpretation, the basis of his claim on appeal is his *failure* to comply with Rule 105." (Emphasis in original.)), and *People v. Kuhn*, 2014 IL App (3d) 130092, ¶ 15 ("[D]efendant does not have standing to raise an issue regarding the State's receipt of service."), with *People v. Monroe*, 2015 IL App (3d) 130149-U, ¶¶ 16-17 (distinguishing *Kuhn* and concluding that, because the State was neither served nor had actual notice, the defendant's challenge to the trial court order based on improper service was appropriate), and *People v. Pena*, 2015 IL App (1st) 131744-U, ¶ 12 (vacating dismissal order based on petitioner's failure to serve the State); see also *People v. Bustos*, 2015 IL App (1st) 131212-U, ¶ 8 (discussing conflicting opinions of the appellate court on this issue). Therefore, we begin our analysis with this argument.

¶ 12                    *Whether Defendant Is Estopped*
                *From Challenging the Validity of the Order*

¶ 13    Defendant's argument that the dismissal order should be reversed rests on his claim that service was improper. He concedes that such error was caused by his own failure to comply with the requirements of Rule 105. "[I]t is well established that 'an accused may not ask the trial court to proceed in a certain manner and then contend in a court of review that the order which he obtained was in error.' " *People v. Segoviano*, 189 Ill. 2d 228, 241 (2000) (quoting *People v. Lowe*, 153 Ill. 2d 195, 199 (1992)); see also *People v. Hawkins*, 181 Ill. 2d 41, 58 (1998) ("[T]he law is understandably reluctant to aid litigants responsible for the very errors of which they complain."); *Clemson v. President & Directors of the State Bank of Illinois*, 2 Ill. 45, 46 (1832) ("It would be clearly unjust to permit a party to assign his own mistakes as errors to reverse a judgment.").

¶ 14    In *People v. Villarreal*, the defendant challenged the propriety of the verdict forms used at trial. 198 Ill. 2d 209, 227 (2001). The defendant's own counsel provided those forms. *Id.* The court concluded that "[t]o allow defendant to object, on appeal, to the very verdict forms he *requested* at trial, would offend all notions of fair play." (Emphasis in original.) *Id.*; see also

*People v. Harvey*, 211 Ill. 2d 368 (2004) (concluding that the defendant was estopped, pursuant to the invited error doctrine, from challenging admission of mere-fact impeachment evidence on appeal after agreeing to the admission of the evidence at trial); *People v. Carter*, 208 Ill. 2d 309, 319 (2003) (precluding the defendant from challenging his conviction on grounds that a certain jury instruction was not given after he declined to provide such an instruction at trial when given an opportunity to do so). By filing the "proof/certificate of service," defendant asked the court to proceed as though the State had been adequately notified of the proceedings. Therefore, defendant is now estopped from alleging the court erred in acquiescing to this request. See *Harvey*, 211 Ill. 2d at 385 (noting that the issue of invited error is often considered one of estoppel).

¶ 15    Furthermore, if defendant were allowed to invalidate the circuit court's order based on his own failure to properly serve the State, future litigants may have an incentive to improperly serve respondents or provide incomplete certificates of service to create a second opportunity to litigate their claims. See *Alexander*, 2014 IL App (4th) 130132, ¶ 46 ("If we were to accept defendant's rationale, a prisoner who uses regular mail to effect service upon the State will—upon appeal—be rewarded with a second bite of the apple if the court denies his petition on the merits."). This would effectively revoke the State's power to waive service in these cases. Such a result would be inconsistent with the purpose of Supreme Court Rule 105 and of notice requirements generally. Rule 105 was designed to prevent a litigant from obtaining new or additional relief without first giving the opposing party an opportunity to appear and defend. *Carter*, 2015 IL 117709, ¶ 15. " 'The object of process is to notify a party of pending litigation in order to secure his appearance.' " (Internal quotation marks omitted.) *Id.* (quoting *People v. Kuhn*, 2014 IL App (3d) 130092, ¶ 11). The 30-day requirement ensures the State has an opportunity to answer or otherwise plead. *Laugharn*, 233 Ill. 2d at 323. None of the notice requirements at issue were designed to allow a petitioner to object to lack of service on behalf of the opposing party. For these reasons, we conclude that defendant cannot challenge the trial court order based on his own failure to properly serve the State.

¶ 16                    *Whether Defendant Has Standing to Challenge the Order*

¶ 17    Defendant alternatively claims that, even if he is estopped from objecting to a violation of Rule 105, the entire proceedings were invalid and the dismissal order should be dismissed as void based on lack of personal jurisdiction over the parties. Courts must have both subject-matter and personal jurisdiction to enter a valid judgment. *In re M.W.*, 232 Ill. 2d 408, 414 (2009). "Absent a general appearance, personal jurisdiction can be acquired only by service of process in the manner directed by statute." *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). Both parties agree the circuit court had jurisdiction over the subject matter of the litigation.

¶ 18    Defendant maintains that the circuit court lacked personal jurisdiction over the State, based on his own failure to properly serve the State. Typically, a lack of personal jurisdiction argument based on improper service is raised by a respondent claiming an order is invalid because he or she did not receive notice of the proceedings. See, *e.g.*, *Keener v. City of Herrin*, 235 Ill. 2d 338 (2009); *State Bank of Lake Zurich*, 113 Ill. 2d at 303. Defendant relies upon *State Bank of Lake Zurich* for the rule that a judgment entered without jurisdiction can be attacked at any time and "is void regardless of whether the defendant had actual knowledge of

the proceedings" to support his position that he can challenge the circuit court's order based on lack of personal jurisdiction over the State. 113 Ill. 2d at 308. This argument, however, fails to recognize that personal jurisdiction, unlike subject-matter jurisdiction, can be waived. *In re M.W.*, 232 Ill. 2d 408, 417, 426-27 (2009).

In *In re M.W.*, we concluded that, because objections to personal jurisdiction and improper service may be waived, "a party may 'object to personal jurisdiction or improper service of process only on behalf of himself or herself.' " *Id.* at 427 (quoting *Fanslow v. Northern Trust Co.*, 299 Ill. App. 3d 21, 29 (1998)). In that case, a minor was adjudicated delinquent. *Id.* at 412. She argued on appeal that the adjudication was void for lack of jurisdiction because her father had not been served in violation of the Juvenile Court Act of 1987. *Id.* We concluded that, because the father could waive service, the minor did not have standing to object to improper service on his behalf. *Id.* at 427. Therefore, the minor could not claim the adjudication was void for lack of personal jurisdiction over her father. *Id.*

Nothing in *In re M.W.* indicates that this rule should be limited to proceedings pursuant to the Juvenile Court Act. The same logic applies outside the context of juvenile proceedings. For example, in *In re Estate of Meskimen*, the respondent challenged a trial court order on grounds that other trust beneficiaries had not been notified as required by the Probate Act. 39 Ill. 2d 415, 422 (1968). The court declined to consider the argument after noting the respondent was "in no position to raise the question." *Id.* "The beneficiaries who failed to receive notice are the only persons in a position to raise the *** issue." *Id.* at 422-23; see also *In re Estate of Millsap*, 75 Ill. 2d 247, 255 (1979) ("Appellant commenced these proceedings, appeared, and therefore was not entitled to notice. Since he was not entitled to notice, he may not complain of a failure to require that notice be given to others. Second, because he did have notice of the proceedings, appellant may not complain that others were not notified."). We apply the same logic today to conclude that defendant lacks standing to challenge the validity of the circuit court's dismissal order based on lack of personal jurisdiction over the State.

Since we have concluded that defendant cannot object to improper service or lack of personal jurisdiction on behalf of the State, we need not consider whether the record is sufficient to support defendant's claim that service was improper. Nor do we need to consider the merits of the substantive arguments originally raised in the petition.

CONCLUSION

A section 2-1401 petitioner must serve the responding party with notice of the petition in compliance with Supreme Court Rule 105. If the respondent is not properly served, the court lacks personal jurisdiction unless the respondent waives service or makes an appearance. Today, we do not address whether service complied with Rule 105 or whether the State waived service or filed an appearance. We do not need to reach a conclusion on these issues because defendant is estopped from claiming service was improper based on his own failure to comply with the requirements of Rule 105. Notions of fair play dictate that a litigant should not be allowed to relitigate a matter resolved against him based on his own error. Furthermore, defendant does not have standing to challenge the validity of the circuit court's dismissal order based on lack of personal jurisdiction. Because service and personal jurisdiction can be waived, only the party to whom service is owed can object to improper service. Therefore, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

Defendant's petition is dismissed with prejudice.

¶ 24    Appellate court judgment reversed.

¶ 25    Circuit court judgment affirmed.