# Illinois Official Reports

## Appellate Court

---

### *People v. Roberson*, 2019 IL App (1st) 170757

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE ROBERSON, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-17-0757 |
| Filed | June 25, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-1112; the Hon. Ursula Walowski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Mario Kladis, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Jon Walters, and Mari R. Hatzenbuehler, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Justices Pucinski and Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Willie Roberson, appeals from the circuit court's *sua sponte* dismissal of his *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). Defendant contends that the circuit court prematurely dismissed his section 2-1401 petition within 30 days after the petition was filed and the State received notice. We affirm.

¶ 2                                    BACKGROUND

¶ 3     Defendant was charged by information with one count of armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2008)) and two counts of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2008)), arising from an incident in Chicago on December 12, 2008.

¶ 4     Because defendant's appeal concerns the timeliness of the dismissal of his section 2-1401 petition, we provide only an overview of the facts adduced during trial. Chicago police officer Martin Murphy testified that on December 12, 2008, at about 7:26 p.m., he and a group of approximately 16 officers executed a search warrant on an apartment at the 1300 block of West 92nd Street. Defendant and four other occupants in the apartment were detained, and Murphy found a loaded handgun between two mattresses in defendant's bedroom.

¶ 5     Chicago police officer Mohammad testified that he helped execute the search warrant and later processed defendant in a police station interview room while Officer Kasper was present.[1] After Kasper Mirandized defendant, defendant stated that he bought the recovered gun "from a dude for $25." Kasper testified that, in defendant's apartment, defendant told him he had a gun under his mattress. The State entered into evidence defendant's certified convictions from two previous cases.

¶ 6     The trial court found defendant guilty of one count of armed habitual criminal and two counts of unlawful use of a weapon by a felon, merged the counts, and sentenced him to 20 years' imprisonment for armed habitual criminal.[2]

¶ 7     On direct appeal, defendant argued that his trial counsel was ineffective for failing "to file a pretrial motion for a *Franks* hearing to challenge the veracity of the allegations in the complaint for the search warrant." *People v. Roberson*, 2013 IL App (1st) 102023-U, ¶ 2. Defendant also argued trial counsel was ineffective for not moving to suppress his statements to the police that his gun was under his mattress. *Id.* ¶¶ 2, 30. We affirmed. *Id.* ¶ 1.

¶ 8     Defendant filed a *pro se* postconviction petition, dated July 17, 2010, arguing, *inter alia*, that he gave a "coerced confession," that he was not properly Mirandized, and that his sentence constituted an abuse of discretion. In an order dated October 29, 2010, the circuit court summarily dismissed defendant's postconviction petition as "frivolous and patently without merit."

---

[1]The first names of Officers Mohammad and Kasper do not appear in the transcript of the trial proceedings.

[2]The trial court also stated that it acquitted defendant of "possession of intent to distribute a look-a-like substance." This charge does not appear in the information, although the record contains a complaint, signed by Kasper, for unlawful possession of a controlled substance.

¶ 9        Subsequently, defendant filed a *pro se* section 2-1401 petition, arguing, *inter alia*, that he was not properly Mirandized and his sentence lacked statutory authority. A "Proof/Certificate of Service," which was signed by defendant and notarized on December 7, 2016, states that copies of the petition were sent to the Clerk of the Circuit Court of Cook County (Clerk) and the state's attorney at 2650 South California Avenue in Chicago. The certificate states:

> "PLEASE TAKE NOTICE that on December 7, 2016, I placed the attached or enclosed documents in the institutional mail at Dixon Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service."

¶ 10       The record contains multiple copies of the petition. One copy has a crossed-out file stamp dated December 20, 2016, and another file stamp dated January 3, 2016, with the year "2016" corrected to "2017" by hand. A cover sheet appended to this copy, filed stamped on "January 3, 2016," states that the petition was "received in the Criminal Division in error" and forwarded to "Bridgeview-District 5."[3] A different copy of the petition was stamped "filed" on January 4, 2017. In a proceeding in Bridgeview on January 27, 2017, in the presence of an assistant state's attorney, the circuit court noted that the petition was "docketed" on January 4, 2017.

¶ 11       On February 3, 2017, the circuit court *sua sponte* dismissed defendant's petition, noting that it was "filed" on January 4, 2017, and holding that it was "frivolous and patently without merit." The transcript of the dismissal shows that an assistant state's attorney was present during the ruling and did not object.

¶ 12                                          ANALYSIS

¶ 13       On appeal, defendant contends that the circuit court prematurely dismissed his section 2-1401 petition *sua sponte* on February 3, 2017, within the 30-day waiting period after the petition's filing on January 4, 2017. The State responds that defendant's petition was filed on January 3, 2017, but was transferred to another court and filed again on January 4, 2017. According to the State, the 30-day responding period began on the initial filing date of January 3, 2017, and therefore, the petition's dismissal on February 3, 2017, was timely entered more than 30 days after filing.

¶ 14       "Section 2-1401 establishes a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days." *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). While the section provides a civil remedy with proceedings "subject to the usual rules of civil practice," section 2-1401 relief also extends to criminal cases. *Id.* at 8.

¶ 15       Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989) and Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985) govern the procedures for serving notice of section 2-1401 petitions. *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). Rule 106 provides that service of a section 2-1401 petition must comply with Rule 105. Ill. S. Ct. R. 106 (eff. Aug. 1, 1985). Rule 105(b) requires that notice of a petition's filing be served either by summons, prepaid certified or registered mail, or publication. Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989). Once notice has been served, the responding party must "[file] an answer or otherwise [file] an appearance in the office of the clerk of the court within 30 days." Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989).

_____

[3]The parties do not dispute this stamp should have reflected the date January 3, 2017, and not January 3, 2016. As noted previously, a similar error in the actual petition was corrected by hand.

¶ 16     The State's failure to timely answer or otherwise plead in response to a defendant's section 2-1401 petition will result in " 'an admission of all well-pleaded facts,' " rendering the petition " 'ripe for adjudication.' " *Laugharn*, 233 Ill. 2d at 323 (quoting *Vincent*, 226 Ill. 2d at 10). At that point, the circuit court may *sua sponte* dismiss the petition and "render judgment on the pleadings alone." *Vincent*, 226 Ill. 2d at 11-12, 14. The court can dismiss a section 2-1401 petition "despite a lack of responsive pleading if the petition is deficient as a matter of law." *People v. Matthews*, 2016 IL 118114, ¶ 8. We review the dismissal of a section 2-1401 petition *de novo*. *Id.* ¶ 9.

¶ 17     Initially, we observe that both parties' arguments regarding the timeliness of the circuit court's *sua sponte* dismissal of defendant' section 2-1401 petition are predicated on the theory that the 30-day response period begins with the date the petition was filed. Our supreme court, however, has ruled that the 30-day response period begins on the date the State receives notice, and not the date of filing. *Id.* ¶ 8 (explaining that the 30-day responding period is derived from Rule 105, which provides that the State has 30 days to respond after receiving service); see also *People v. Carter*, 2015 IL 117709, ¶ 25 ("[W]e encourage circuit courts to ascertain and note of record the date the State was properly served and to time any *sua sponte* rulings on pending petitions accordingly."). That said, the record does not reflect whether or when the State received service. Specifically, defendant failed to serve notice on the State through certified or registered mail, and he failed to file any documentation showing whether and when the State received service.

¶ 18     Defendant, as the appellant, has the burden of presenting a sufficiently complete record so that the reviewing court may determine the issue on appeal. *Id.* ¶ 19. Where the record does not show whether the State was served properly, we "must presume the circuit court's order conforms with the law," and any doubts arising from the record's incompleteness "will be resolved against the appellant." (Internal quotation marks omitted.) *Id.* ¶¶ 19-20. Moreover, where a defendant fails to properly serve the State with his section 2-1401 petition, he cannot use that failure to challenge the timeliness of the circuit court's *sua sponte* dismissal. *Matthews*, 2016 IL 118114, ¶ 15. "By filing the 'proof/certificate of service,' defendant asked the [circuit] court to proceed as though the State had been adequately notified of the proceedings" and "is now estopped from alleging the court erred in acquiescing to this request." *Id.* ¶ 14.

¶ 19     Here, defendant mailed the petition to the court on California Avenue in Chicago on December 7, 2016, where it was initially filed on January 3, 2017, sent to another court in Bridgeview, and filed a second time on January 4, 2017. The petition was then dismissed on February 3, 2017. As noted, the record does not show that defendant served the State by registered or certified mail, or whether or when the State received service. Because defendant failed to properly serve the State or preserve a record showing that the State received service, the record does not show when the 30-day responding period began. Therefore, defendant cannot establish that the circuit court's *sua sponte* dismissal was untimely, and we must presume the circuit court's order conformed with the law. *Carter*, 2015 IL 117709, ¶¶ 19-20.

¶ 20                               CONCLUSION

¶ 21     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 22     Affirmed.